

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE JOHNSON, | 07CV6862 |
| | JUDGE SHADUR |
| Plaintiff, | MAG. JUDGE COLE |
| v. ) | Judge _____ |
| ) | |
| ROBERT GARZA, ANTHONY AMATO, ) | Magistrate Judge _____ |
| VERNON MITCHELL, JR., THOMAS ) | |
| HARRIS, THOMAS McDERMOTT, ) | JURY TRIAL DEMANDED |
| DONNA STRAND, DANIEL LUDWIG, ) | |
| ENRIQUE PACHECO, JR., PATRICK ) | **FILED** |
| JOHNSON, BRYANT GARCIA, A. TORRES ) | JN |
| (Star # 5331), and CITY OF CHICAGO, ) | DEC X 5 2007 |
| Defendants. ) | |
| | MICHAEL W. DOBBINS |
| | CLERK, U.S. DISTRICT COURT |

## CIVIL RIGHTS COMPLAINT

Plaintiff WILLIE JOHNSON, by and through his attorney, Irene K. Dymkar, and complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343 and 1331.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants ROBERT GARZA, ANTHONY AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT, DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON, BRYANT GARCIA, A. TORRES (Star # 5331) were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. In September of 2003, defendant police officers illegally entered and searched the basement apartment of 1806 S. Harding, Chicago, Illinois, an apartment to which plaintiff had the rights of a guest, but at which he did not permanently reside.

9. On October 2, 2003, defendant police officers returned to said apartment with a search warrant. The warrant was based on information from an informant whose identity and reliability were in dispute. Moreover, defendant police officers had misrepresented and falsified information when presenting the warrant to a state magistrate for signature.

10. Defendant police officers alleged that they found a controlled substance, a gun, and other items when executing the warrant on October 2, 2003.

11. On November 15, 2003, plaintiff WILLIE JOHNSON was falsely arrested by defendant police officers and charged with felonies pertaining to the alleged controlled substance and gun taken from the basement apartment of 1806 S. Harding, Chicago, Illinois, all without probable cause and without a warrant.

12. Defendant police officers claimed that plaintiff made incriminating statements. Said statements were involuntarily made and made without proper *Miranda* warnings. Said statements were the fruit of the unconstitutional conduct of defendant officers.

13. Defendant police officers' actions resulted in the filing of a state indictment in the Circuit Court of Cook County on or about December 8, 2003, followed by the filing a federal indictment in the Northern District of Illinois on or about May 19, 2004.

14. Defendant police officers persisted in covering up and hiding evidence during the prosecution, resulting in plaintiff's continued incarceration.

15. After making various rulings and orders regarding irregularities and inconsistencies in police testimony and the prosecution proof pertaining to constitutional issues, and after defendant police officers claimed that they had lost all trace of information

3

regarding their alleged informant, Judge James F. Holderman granted the motion of the United States Attorney to dismiss the indictment against plaintiff.

16. Plaintiff was released on December 6, 2006, after having been wrongfully incarcerated for over three years.

17. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

18. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

19. By reason of the above-described acts and omissions of defendant police officers, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiff Against Individual Defendants for False Arrest**

20. Plaintiff WILLIE JOHNSON incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

21. The arrest of plaintiff by defendant police officers was without legal cause and unreasonable.

22. By reason of the conduct of defendant police officers, plaintiff WILLIE JOHNSON was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants ROBERT GARZA, ANTHONY AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT, DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON, BRYANT GARCIA, and A. TORRES (Star # 5331), and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff Against Individual Defendants for Search with Invalid and Unconstitutional Warrant

23. Plaintiff WILLIE JOHNSON hereby incorporates and realleges paragraphs 1 - 19, as though set forth herein in their entirety.

24. Plaintiff did not consent to the search of the basement apartment at 1806 S. Harding, Chicago, Illinois, nor did anyone else with authority to do so.

25. Defendant police officers executed a search warrant that was not valid and not based upon probable cause. Said warrant was not supported by facts constituting probable cause, was based on unreliable, unverified, and uncorroborated information from an unreliable and questionable informant, and defendant police officers had misrepresented and falsified information when presenting the warrant to a state magistrate for signature.

26. Defendant police officers had no legal cause or authority to enter or search the basement apartment of 1806 S. Harding, Chicago, Illinois.

27. Defendant police officers alleged they seized a controlled substance, a gun, and other items, the fruit of their illegal search, which they used as evidence in the prosecution of plaintiff.

28. By the conduct of the individual defendants, plaintiff WILLIE JOHNSON was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and the laws enacted thereunder. Therefore, defendants ROBERT GARZA, ANTHONY AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT, DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON, BRYANT GARCIA, and A. TORRES (Star # 5331), and each of them, is liable to said plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff Against Individual Defendants for Violation of Right Against Self-Incrimination

29. Plaintiff WILLIE JOHNSON incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

30. The defendant officers intended to and did violate plaintiff's right against self-incrimination by their unconstitutional conduct. They claimed plaintiff made incriminating statements. Said statements, if made, were involuntarily made and made without proper and effective *Miranda* warnings. Said statements were the fruit of the unconstitutional conduct of defendant officers.

31. Alleged incriminating statements involuntarily obtained from plaintiff were used against plaintiff in his criminal proceedings, to his detriment.

32. By reason of the conduct of defendant officers, plaintiff WILLIE JOHNSON was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants ROBERT GARZA, ANTHONY AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT, DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON, BRYANT GARCIA, and A. TORRES (Star # 5331), and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff Against Individual Defendants for Unconstitutional Incarceration

33. Plaintiff WILLIE JOHNSON incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

34. The illegal search and seizure and other unconstitutional conduct by defendant police officers caused plaintiff actual injury, that is, the wrongful incarceration for over three years.

35. Defendant police officers persisted in covering up and hiding evidence during the prosecution, resulting in plaintiff's continued incarceration.

36. After making various rulings and orders regarding irregularities and inconsistencies in police testimony and the prosecution proof pertaining to constitutional issues, and after defendant police officers claimed that they had lost all trace of information regarding their alleged informant, Judge James F. Holderman granted the motion of the United States Attorney to dismiss the indictment against plaintiff and plaintiff was released.

37. By reason of the conduct of defendant officers, plaintiff WILLIE JOHNSON was deprived of rights, privileges and immunities secured to him by the Fourth, Fifth and

Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants ROBERT GARZA, ANTHONY AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT, DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON, BRYANT GARCIA, and A. TORRES (Star # 5331), and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Plaintiff Against Individual Defendants for Violation of Due Process

38. Plaintiff WILLIE JOHNSON incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

39. Defendant officers deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, testifying falsely, and otherwise acting to deny plaintiff fair legal proceedings.

40. Defendant officers further withheld evidence and concealed vital facts from the prosecution and the court in order to obtain a warrant and to prosecute plaintiff over the course of three years.

41. These acts directed toward plaintiff were intentional and material, and were in violation of plaintiff's right to due process.

42. These acts resulted in a wrongful conviction and loss of liberty for almost three years.

43. By reason of the conduct of defendant officers, plaintiff WILLIE JOHNSON was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth

8

Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants ROBERT GARZA, ANTHONY AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT, DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON, BRYANT GARCIA, and A. TORRES (Star # 5331), and each of them is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT VI
**Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution**

44. Plaintiff WILLIE JOHNSON incorporates and realleges paragraphs 1 – 19, as though set forth herein in their entirety.

45. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff.

46. Defendant police officers' actions resulted in the filing of a state indictment in the Circuit Court of Cook County on or about December 8, 2003, followed by the filing a federal indictment in the Northern District of Illinois on or about May 19, 2004. The criminal proceedings were commenced and continued maliciously

47. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

48. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these criminal charges.

49.     Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

50.     The criminal proceedings were terminated in plaintiff's favor by a dismissal of the federal indictment by Judge James F. Holderman on December 6, 2006.

51.     Defendants ROBERT GARZA, ANTHONY AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT, DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON, BRYANT GARCIA, and A. TORRES (Star # 5331), and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

53.     Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff WILLIE JOHNSON by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

    A.     That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B.     That defendants be required to pay plaintiff special damages,

    C.     That defendants be required to pay plaintiff's attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D.     That defendants be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E.     That defendants be required to pay plaintiff costs of the suit herein incurred, and

    F.     That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: December 5, 2007

_____
Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123