## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Willie Johnson, | ) | |
| | ) | No. 07 C 6862 |
| Plaintiff, | ) | |
| | ) | Judge Shadur |
| v. | ) | |
| | ) | Magistrate Judge Cole |
| Robert Garza, et. al, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS

Defendant Chicago Police Officers Robert Garza, Anthony Amato, Vernon Mitchell, Jr.,
Thomas Harris, Thomas McDermott, Donna Strand, Daniel Ludwig, Enrique Pacheco, Jr.,
Bryant Garcia, A. Torres, and Patrick Johnson, and Defendant City of Chicago ("Defendants"),
by their attorneys, Patricia J. Kendall and Anne K. Preston, Assistants Corporation Counsel of
the City of Chicago, move this Honorable Court to dismiss all federal claims against them in
Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which
relief can be granted and that the Court thereafter decline to exercise supplemental jurisdiction
over Plaintiff's sole state law claim. In support of this motion, Defendants state as follows:

### INTRODUCTION

On December 5, 2007, Plaintiff filed a complaint alleging violations of his constitutional
rights pursuant to 42 U.S.C. § 1983. Plaintiff's complaint purports to allege the following
claims: false arrest (Count I), unlawful search (Count II), violation of right against self-
incrimination (Count III), unconstitutional incarceration (Count IV), due process violations
(Count V), and malicious prosecution pursuant to Illinois state law (Count VI). Plaintiff's false

1

arrest (Count I) and unlawful search (Count II) claims arising out of a search in September 2003 and October 2, 2003, and his arrest on November 15, 2003 should be dismissed because they are time-barred. Plaintiff's claim for violation of his right against self-incrimination (Count III) should be dismissed because Plaintiff fails to state a cognizable claim. Plaintiff's claim for "unconstitutional incarceration" (Count IV) should be dismissed because there is no claim for an ongoing seizure and Plaintiff is merely reasserting his false arrest claim which is time-barred. Plaintiff's claim for due process violations (Count V) should be dismissed because Plaintiff has failed to allege violation of a constitutional right protected by the Fourteenth Amendment. If all of Plaintiff's federal claims are dismissed, then Plaintiff's state law malicious prosecution claim (Count VI) should be dismissed for lack of jurisdiction.

## <u>FACTUAL ALLEGATIONS</u>

According to the complaint, Defendant Officers entered and searched the apartment at 1806 S. Harding, in September 2003, where Plaintiff had the "rights of a guest" but did not live there. <u>See</u> Complaint, Para. 8. On October 3, 2003, Defendant Officers searched the apartment with a search warrant which Plaintiff contends was issued upon unreliable information. <u>See</u> <u>Id.</u>, Para. 9. Defendant Officers found a controlled substance, a gun, and other items when they executed the search warrant on October 2, 2003. <u>See</u> <u>Id.</u> Para. 10. On November 15, 2003, Defendant Officers arrested Plaintiff and charged him with felonies related to the "alleged controlled substance and gun" taken from the basement apartment at 1806 S. Harding, in Chicago. <u>See</u> <u>Id.</u> Para. 11. Defendant Officers "claimed that plaintiff made incriminating statements" which were involuntary. <u>See</u> <u>Id.</u> Para. 12. Plaintiff was held over for trial based on a finding of probable cause on November 16, 2003. <u>See</u> Certified Disposition in *People of State*

*of Illinois v. Willie Johnson*, Case No. 03115043801, attached hereto as Exhibit A.[1]  The

criminal indictment against Plaintiff was dismissed on December 6, 2006.  See Id. Para. 15-16.

These allegations are accepted as true for purposes of this motion to dismiss only.  See Stepan

Co. v. Winter Panel Corp., 948 F.Supp. 802, 805 (N.D. Ill. 1996).

### STANDARD OF REVIEW

In ruling on a motion to dismiss, the court takes "all well-pleaded facts as true, but we

will not strain to find inferences favorable to the plaintiffs which are not apparent on the face of .

. .[the] complaint."  Coates v. Illinois State Bd. of Educ., 559 F.2d 445, 447 (7th Cir. 1977)

(citation omitted).  A court is not required "to ignore any facts set forth in the complaint that

undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law."  City

Nat'l Bank of Florida v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir. 1994) (citations

omitted).  A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency

of the complaint.  Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

### ARGUMENT

**I.    PLAINTIFF'S FALSE ARREST AND UNLAWFUL SEARCH CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY ARE TIME-BARRED.**

Plaintiff's false arrest and unlawful search claims should be dismissed with prejudice

because they are time-barred.  Plaintiff's allegations arise from alleged searches at 1806 S.

Harding in September 2003 and on October 2, 2003, and from his arrest on November 15, 2003.

See Complaint, Para. 8, 9, & 11.  Legal process was instituted against Plaintiff on November 16,

---

[1]  Submission of a Certified Statement of Conviction/Disposition does not require that this Court convert Defendants' motion to dismiss under F.R.C.P. 12(b)(6) into one for summary judgment.  See Brown v. Campbell, 1995 WL 229033, at *3 n. 2 (N.D. Ill. April 14, 1995) (citing Venture Assoc. Corp v. Zenith Data Systems, Inc., 987 F.2d 429, 431 (7th Cir. 1993); Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n. 3 (1st Cir. 1991)).

2003 after a judicial finding of probable cause.  <u>See</u> Exhibit A.  Plaintiff's complaint was filed on

December 5, 2007.  <u>See</u> Complaint.

      The statute of limitations for Section 1983 claims is the state law statute of limitations for

personal injury claims.  <u>Williams v. Lampe</u>, 399 F.3d 867, 870 (7th Cir. 2005) (per curiam).  In

Illinois the applicable statute of limitations for Section 1983 claims is two years.  <u>Kelly v. City of</u>

<u>Chicago</u>, 4 F.3d 509, 511 (7th Cir. 1993) citing <u>Farrell v. McDonough</u>, 966 F.2d 279 (7th Cir.

1992), <u>cert. denied</u> 506 U.S. 1084 (1993).   The statute of limitations for a Fourth Amendment

false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal

process."  <u>See</u> <u>Wallace v. Kato, et al.</u>, _____ U.S. _____, 127 S.Ct. 1091, 1100 (2007).   The cause

of action for unlawful search pursuant to the Fourth Amendment "necessarily accrues at the time

of the unlawful search."  <u>Gonzalez v. Entress</u>, 133 F.3d 551, 553 (7th Cir. 1998).

      Plaintiff alleges that he was unlawfully arrested on November 15, 2003.  <u>See</u> Complaint,

Para. 11.  Legal process began on November 16, 2003.  <u>See</u> Exhibit A.  However, Plaintiff

waited until December 5, 2007 to file the instant action, well-beyond the two year statute of

limitations for a false arrest claim which accrued on the date Plaintiff was detained pursuant to

legal process.  Plaintiff alleged that the searches of the apartment occurred, and ended, on an

unknown date some time in September 2003 and on October 2, 2003, respectively.  <u>See</u>

Complaint, Para. 8 & 9.  Therefore, Plaintiff's unlawful search claims accrued on some date in

September 2003 and on October 2, 2003, when the searches were allegedly conducted.

Plaintiff's complaint alleging unlawful search was filed on December 5, 2007, more than two

years after the dates of the alleged unlawful searches.  Therefore, Plaintiff's false arrest and

unlawful search claims should be dismissed with prejudice because they are time-barred.

4

## II.    PLAINTIFF HAS NOT ALLEGED FACTS TO SUPPORT A FIFTH AMENDMENT CLAIM AGAINST SELF INCRIMINATION.

Count III is titled a "Violation of Right Against Self-Incrimination."  Ostensibly, Plaintiff premises this Section 1983 claim on the use of incriminating statements against him in a criminal proceeding absent proper *Miranda* warnings.  However, Plaintiff has not pled a claim upon which relief can be granted unless he alleges incriminating statements were in fact elicited from him without *Miranda* warnings and that such statements were then in fact used against him in criminal proceedings to his detriment.  See Sornberger v. City of Knoxville, 434 F.3d 1006, 1024-1027 (7th Cir. 2006).

Plaintiff's allegations are far more "iffy."  Specifically, with regard to his Fifth Amendment claim, Plaintiff alleges the following:

> Defendant **police officers claimed** that plaintiff made incriminating statements.  Said statements were involuntarily made and made without proper Miranda warnings.  Said statements were the fruit of unconstitutional conduct of defendant officers.  (Complaint at ¶12, emphasis added)

> The defendant officers intended to and did violate plaintiff's right against self-incrimination by their unconstitutional conduct.  **They claimed** plaintiff made incriminating statements.  **Said statements**, **if made**, were involuntarily made and made without proper and effective Miranda warnings.  Said statements were the fruit of the unconstitutional conduct of defendant officers (Complaint at ¶ 30, emphasis added)

> **Alleged incriminating statements** involuntarily obtained from plaintiff were used against plaintiff in his criminal proceedings, to his detriment.  (Complaint at ¶31, emphasis added).

These allegations are insufficient to state a cause of action for violation of Plaintiff's Fifth Amendment right against self-incrimination because Plaintiff has not stated he actually made incriminating statements that were subsequently used against him in a criminal proceeding.  Rather, Plaintiff states the Defendant Officers *claimed* and *alleged* he made incriminating

statements, not that he did make such statements. Essentially, Plaintiff contends the Defendant
Officers fabricated these statements. As such, there could not have been any violation of his
Fifth Amendment right against self-incrimination. The alleged fabrication of incriminating
statements does not invoke the Fifth Amendment's protections.

Plaintiff cannot pursue a cause of action for a violation of his Fifth Amendment right
against self-incrimination unless he did indeed give incriminating statements which were
subsequently used against him in a criminal proceeding. Plaintiff knows whether he gave
incriminating statements to the officers. This is not something he will learn only upon initiating
discovery. Yet, facts to support this claim are wholly absent from Plaintiff's complaint.
Consequently, Count III cannot stand and should be dismissed pursuant to Fed.R.Civ.P.12(b)(6)
for failure to state a claim upon which relief can be granted.

### III.    COUNT IV OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THERE IS NO CLAIM FOR A "CONTINUING SEIZURE" AND IT IS DUPLICATIVE.

Count IV of Plaintiff's complaint for "Unconstitutional Incarceration" seeks relief for
Plaintiff's "continued incarceration" over three years. See Complaint Para. 34-35. First, the
Seventh Circuit has rejected the notion of a "continuing seizure." Wiley v. City of Chicago, 361
F.3d 994, 998 (7th Cir. 2004) (citations omitted). Rather, a Fourth Amendment claim is "limited
up until the point of the arraignment." Id. Plaintiff merely seeks to reassert his Fourth
Amendment false arrest claim in Count IV which is time-barred as discussed more fully above.
Because the Seventh Circuit has repeatedly rejected the notion of a claim for a continuing seizure
pursuant to the Fourth Amendment and because any Fourth Amendment false arrest claim is
time-barred, any Fourth Amendment claim should be dismissed with prejudice.

Second, any claim for continuing seizure pursuant to the Fifth Amendment should be dismissed because the Fifth Amendment due process clause does not apply to Defendant Officers. The Fifth Amendment's due process clause "applies only to federal officials." <u>See</u> <u>LaBoy v. Zuley</u>, 747 F. Supp. 1284, 1286 (N.D. Ill. 1990) (citation omitted). It is undisputed that Defendant Officers are City of Chicago Police Officers and not agents of the federal government. <u>See</u> Complaint, Para. 6. Therefore, any Fifth Amendment claim should be dismissed with prejudice.

Third, the allegations contained in Count IV are duplicative of the allegations of false arrest (Count I), unlawful search (Count II), and due process violations (Count V). Count IV merely sets forth the damages that Plaintiff is claiming resulted from unconstitutional conduct alleged in Counts I, II, and V, but does not allege any further unconstitutional conduct. Specifically, Count IV alleges that "the illegal search and seizure and other unconstitutional conduct . . . caused plaintiff actual injury, that is, wrongful incarceration for over three years." <u>See</u> Complaint, Para. 34. Count IV further alleges that Defendant Officers "persisted in covering up and hiding evidence during the prosecution, resulting in plaintiff's continued incarceration." <u>See</u> Complaint, Para. 35. Because the allegations contained in Count IV are duplicative of the allegations contained in Counts I, II, and V, and do not allege any additional unconstitutional conduct, but only damages resulting from that conduct, the allegations contained in Count IV should be dismissed.

## IV.    COUNT V FAILS TO STATE A CLAIM FOR VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS

Count V is titled "Violation of Due Process" and asserts Defendants deprived Plaintiff of rights secured by the Fifth and Fourteenth Amendments. Because the Fifth Amendment does not

apply to conduct by state officials, Plaintiff's due process claim is grounded solely in the

Fourteenth Amendment.  While it is not clear whether Plaintiff is claiming a violation of

procedural or substantive due process rights, he cannot prevail under either prong.  Either way,

Plaintiff must first identify the nature of the specific constitutional right he claims was violated.

The first step in analyzing a §1983 claim is to identify the specific constitutional right allegedly

infringed.  See Albright v. Oliver, 510 U.S. 266, 811-12 (1994) citing Baker v. McCollan, 443

U.S. 137, 140 (1979).  Not only has Plaintiff failed to identify the precise constitutional right at

issue, but under the facts alleged Plaintiff has not been deprived of a constitutionally protected

interest under the Fourteenth Amendment.  Therefore, Count V must be dismissed for failure to

state a claim upon which relief can be granted.

> ### A.    The Fourteenth Amendment does not Support a Claim for Pre-Trial   Liberty Interests

Plaintiff's assertion that the Defendant Officers' conduct resulted in "wrongful conviction

and loss of liberty for almost three years," (Complaint at ¶42), is incorrect.  As Plaintiff states

elsewhere in the Complaint, he was released from custody pursuant to dismissal of  the

indictment prior to trial.  (Complaint at ¶¶ 16,17).  Because Plaintiff had no trial, "wrongful

conviction" and the denial of a fair trial cannot serve as the peg upon which to hang a

constitutional injury.  His "loss of liberty" is, thus, related to pre-trial interests arising out of a

claim for wrongful prosecution.  However, according to the Supreme Court, the Fourteenth

Amendment does not support a claim of wrongful prosecution.

In Albright v. Oliver, 510 U.S. 266 (1994), the plaintiff asserted a Fourteenth

Amendment due process claim to be free from prosecution without probable cause.  In Albright,

the Supreme Court held substantive due process with its "'scarce and open-ended'"

"'guideposts'" would not serve as a source of recovery under §1983 for pre-trial liberty interests relating to a prosecution. 510 U.S. at 275, quoting <u>Collins v. Harker Heights</u>, 503 U.S. 115, 125 (1992). The essential constitutional injury in both <u>Albright</u> and the instant case involve pretrial liberty interests. Plaintiff does not contend the Defendant Officers' allegedly improper conduct caused any constitutionally cognizable injury other than that which resulted from the initial arrest and subsequent prosecution and incarceration.[2] Based on the decision in <u>Albright</u>, these pretrial interests do not fall under the Fourteenth Amendment. As pled, Plaintiff's due process claim in Count V cannot stand and must be dismissed.

**B.    Plaintiff's Allegations of "Unfair Criminal Proceedings" and Wrongful Prosecution are not Cognizable under the Fourteenth Amendment**

Because criminal charges were dismissed prior to trial, Plaintiff grounds his Count V due process claim in allegations the Defendant Officers "deprived Plaintiff of fair criminal proceedings." (¶39). Specifically, Plaintiff alleges the following:

> Defendant officers deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, testifying falsely, and otherwise acting to deny plaintiff fair legal proceedings. (Complaint at ¶39).

> Defendant officer further withheld evidence and concealed vital facts from the prosecution and the court in order to obtain a warrant and to prosecute plaintiff over the course of three years. (Complaint at ¶40).

A close reading of these allegations suggests Plaintiff is hinging his due process claim on the following:  (i) deprivation of fair criminal proceedings by submitting false charges, false police

---

[2] The fact Plaintiff, here, remained incarcerated awaiting trial for more than 3 years cannot inform the analysis of possible constitutional wrongdoing. The period of incarceration relates solely to the issue of damages. The parameters of constitutional protection available during the prosecutorial process before trial must be analyzed without consideration of whether Plaintiff was detained prior to trial or out on bond.

reports and false testimony; (ii) not disclosing exculpatory evidence and withholding evidence and concealing facts from the prosecution and the court to initiate and prolong prosecution.  The first of these allegations sounds in the nature of  a claim for false arrest or malicious prosecution and the second evokes a possible <u>Brady</u> violation.  Under the law in this circuit, neither of these theories is actionable pursuant to § 1983 with the facts alleged.

        **(i)**        **The alleged deprivation of "fair criminal proceedings" amounts to a claim   for malicious prosecution which does not state a cause of action under § 1983**

To the extent Plaintiff's due process claim is grounded in an investigation and prosecution based on allegedly false charges, false police reports and false testimony, he fails to state a claim upon which relief can be granted.  A claim for wrongful or malicious prosecution does not state a constitutionally cognizable cause of action unless state law provides no remedy for malicious prosecution.  See <u>Newsome v. McCabe</u>, 256 F.3d 747 (7th Cir. 2000)(substantive due process will not support claims for wrongful prosecution sounding in malicious prosecution); <u>see also</u> <u>Penn v. Harris</u>, 296 F.3d 573, 576 (7th Cir. 2002)(§ 1983 malicious prosecution claim fails as a matter of law in suit brought after criminal charges dismissed prior to trial);

In <u>McCann v. Mangialardi</u>, 337 F.3d 782, 786 (7th Cir. 2003), the Seventh Circuit refused to entertain the type of claim Plaintiff brings here.  Under the guise of a Fourteenth Amendment due process claim, the <u>McCann</u> plaintiff argued defendant purposely created false evidence to procure his conviction and imprisonment and failed to disclose exculpatory evidence.[3]  These are the exact allegations Plaintiff brings here.  The Seventh Circuit found <u>McCann's</u> due process claim based on creating false evidence failed "because it [was] nothing more than a recast of his

---

    [3] <u>McCann</u> also alleged denial of the right to a fair trial even though he pled guilty.  These allegations are not applicable under the facts pled here.

Fourth Amendment false arrest claim. . . ." Id. at 786.  Moreover, the appellate court determined a deprivation of liberty resulting from a prosecution (and conviction) deliberately obtained from the use of false evidence is, in essence, a claim for malicious prosecution which would not lie after Newsome.

> McCann cannot do an end run around the foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.  McCann, 337 F.3d at 786.

As the Seventh Circuit made clear in McCann, Plaintiff's allegations here do not state a cognizable Fourteenth Amendment due process claim and must be dismissed.

Similarly, Plaintiff's allegations that Defendants withheld evidence and concealed vital facts in order to provoke wrongful prosecution also sound in the nature of malicious prosecution and so do not raise a Fourteenth Amendment claim after Newsome.  To the extent Plaintiff seeks to come within Newsome's exception for Brady violations, he cannot because Brady's disclosure requirements protect the right to a fair trial which is not impacted here.

> **(ii)    A Brady claim for failure to disclose exculpatory evidence does not state a cause of action under § 1983 when charges are dismissed prior to trial**

The Brady requirement is woven into the fabric of a criminal defendant's right to a fair trial.  Therefore, a "Brady violation" is not actionable as a constitutional tort if there is no trial.  In Brady v. Maryland, 373 U.S. 83, 86, 83 S.Ct. 1194, 10 L.Ed. 215 (1963), the Supreme Court emphasized the fundamental principle at stake was the "avoidance of an unfair trial to the accused."  In Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001), the Seventh Circuit recognized a § 1983 cause of action under the Fourteenth Amendment due process clause when police deliberately withhold exculpatory evidence from prosecutors.  However, "[s]uch a violation

occurred at trial (for Brady identifies a trial right) . . . ." Id. at 752.  For § 1983 purposes,

Brady's requirement to disclose exculpatory evidence is not implicated outside the context of a

trial, and Plaintiff's contention that he suffered a due process violation as a result of withheld

exculpatory evidence will not stand under the Fourteenth Amendment.

Looked at from another angle, Plaintiff cannot maintain a Fourteenth Amendment due

process claim for alleged Brady violations, because he cannot show he suffered prejudice in the

Brady sense of materiality.  As this court noted in Gregory v. Oliver, 226 F. Supp. 2d 943 (N.D.

Ill. 2002), the purported failure to turn over potentially exculpatory evidence does not violate a

plaintiff's constitutional rights when the evidence was not material in Brady terms – that is there

was no reasonable probability that the result of the proceedings would have been different if the

evidence had been disclosed.  Id. at 953.  In Gregory, this court found an acquittal, despite the

allegedly withheld evidence, precluded any possibility of a more favorable outcome to the

plaintiff.[4]  Here, Plaintiff did not even reach a trial, as the criminal charges against him were

dismissed.

Just as an acquittal fails to meet the prejudice or materiality standard required for a Brady

violation, Plaintiff's claim, here, that he was deprived of "fair criminal proceedings" fails for this

same fundamental reason.  Considering the outcome of Plaintiff's criminal case did not result in

a conviction – but dismissal prior to trial – the outcome could not have been any more favorable.

Thus, the alleged misconduct of the Defendant Officers does not state a Fourteenth Amendment

---

[4] Defendants acknowledge that other judges in this district have declined to follow this court's decision in
Gregory and that the issue is currently before the Seventh Circuit on appeal granted to Carvajal v. Dominguez, 2007
WL 1687275 (N.D. Ill. June 11, 2007).  Other cases in harmony with Carvajal include, Carroccia v. Anderson, 249
F.Supp.2d 1016, 1025 (N.D. 2003)(court found criminal defendant who was acquitted could bring §1983 due
process claim for technical violation of the right to a fair trial, but would only be entitled to recover nominal
damages); accord Gomez v. Riccio, 2005 WL 2978955, *6, *7 (N.D.Ill. Nov. 1, 2005); Kidd v. City of Chicago,

due process violation.  See also, Morgan v. Gertz, 166 F.3d 1307, 1310 (10th Cir. 1999)("A

defendant who is acquitted cannot be said to have been deprived of the right to a fair trial.");

McCune v. City of Grand Rapids, 842 F.2d 903, 907 (6th Cir. 1988)(affirming dismissal of §

1983 fair trial claim and stating "[b]ecause the underlying criminal proceeding terminated in

appellant's favor, he has not been injured by the act of wrongful suppression of exculpatory

evidence."); Flores v. Satz, 137 F.3d 1275, 1278 (11th Cir. 1998)(no § 1983 claim for Fourteenth

Amendment due process violation when charges were nolle prossed because Brady protections

not implicated absent conviction).

     At bottom, Plaintiff has failed to state a constitutional interest protected by the Fourteenth

Amendment, and therefore, has not stated a claim upon which relief can be granted in Count V.[5]

## V.     THE COURT SHOULD DISMISS COUNT VI FOR WANT OF SUBJECT MATTER JURISDICTION.

     Plaintiff alleges in Count VI a "State Supplemental Claim of Malicious Prosecution"

against the Defendant Officers and seeks liability against Defendant City of Chicago pursuant to

the doctrine of respondeat superior for this claim.  (Complaint ¶ 53).   Should this Court dismiss

Plaintiff's § 1983 based claims there no longer remains any constitutional claims by which to

support supplemental jurisdiction.  Courts should dismiss Complaints for want of jurisdiction

---

2003 WL 22243938, *2 (N.D. Ill. Sept. 26, 2003).

[5] Because there is no constitutional right at issue here, Defendants need not raise their entitlement to qualified immunity.  The Supreme Court has established a two-step analysis for assessing claims of qualified immunity.  See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001).  First, the court must determine whether the conduct at issue violated a constitutional right.  Second, the court must determine whether the right was clearly established at the time the complained of conduct occurred.  If the facts alleged demonstrate no constitutional violation occurred, the second step need not be reached.  Plaintiff's allegations, here, do not raise a cognizable Fourteenth Amendment due process violation; consequently, there is no need to reach the second question: whether it was clearly established that, absent a trial, the Fourteenth Amendment protects against a faulty prosecution resulting from police officers' alleged wrongful conduct.

where there is no longer a federal claim pending before the Court.  See Vukadinovich v. Bd. of Sch. Trustees, 978 F.2d 403, 415 (7th Cir. 1992)("It is well established that if federal claims are dismissed before trial, the federal district courts should generally dismiss the state law claims as well.")(citations omitted).

**CONCLUSION**

WHEREFORE, Defendant Officers Robert Garza, Anthony Amato, Vernon Mitchell, Jr., Thomas Harris, Thomas McDermott, Donna Strand, Daniel Ludwig, Enrique Pacheco, Jr., Bryant Garcia, A. Torres, and Patrick Johnson, and Defendant City of Chicago respectfully request that this Honorable Court dismiss Counts I-V with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, decline to exercise jurisdiction over Plaintiff's state law claim in Count VI, and grant any further relief this Court deems appropriate.

Respectfully Submitted,

 s/ Patricia J. Kendall
Patricia J. Kendall
Assistant Corporation Counsel
Atty No. 06195253

s/ Anne K. Preston
Anne K. Preston
Assistant Corporation Counsel
Atty No. 6287125

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-5170/742-4045

## CERTIFICATE OF SERVICE

I, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF MOTION** and **DEFENDANTS' MOTION TO DISMISS,** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on March 10, 2008, in accordance with the rules on electronic filing of documents.

   s/ Patricia J. Kendall     