UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07 C 6862 |
| | ) |
| ROBERT GARZA, ANTHONY AMATO, | ) Judge Milton I. Shadur |
| VERNON MITCHELL, JR., THOMAS | ) |
| HARRIS, THOMAS McDERMOTT, | ) Magistrate Judge Jeffrey Cole |
| DONNA STRAND, DANIEL LUDWIG, | ) |
| ENRIQUE PACHECO, JR., PATRICK | ) |
| JOHNSON, BRYANT GARCIA, A. TORRES | ) |
| (Star # 5331), and CITY OF CHICAGO, | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Plaintiff, WILLIE JOHNSON, by and through his attorney, Irene K. Dymkar, in response to defendants' motion to dismiss the complaint brought pursuant to Federal Rule of Civil Procedure (F.R.Civ.P.) Rule 12(b)(6), states as follows:

**LEGAL STANDARD**

This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.

Rule 8(a)(2) of the Federal Rules of Civil Procedure (FRCivP) states that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the simplified pleading is to "give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957). There is no heightened pleading requirement for civil rights actions. *Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), *Baxter v. Vigo Co. School Corp.*, 26 F3d 728, 734 (7th Cir.1994).

In considering a motion to dismiss brought pursuant to FRCivP Rule 12(b)(6) which challenges the sufficiency of the complaint, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiffs' favor. *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir.2004). The complaint is to be dismissed only if it "appears beyond doubt" that the plaintiffs "can prove no set of facts which would entitle them to relief." *Hernandez v. City of Goshen*, 324 F.3d 535, 547 (7th Cir.2003)*, Jang v. A.M. Miller and Assoc.*, 122 F.3d 480, 483 (7th Cir.1997). The court must look at "any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A dismissal is appropriate only "when there is no possible interpretation of the complaint under which it can state a claim." *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d at 637.

Plaintiff contends that his complaint is sufficient on its face and complies with the notice pleading requirements of FRCivP Rule 8(a)(2).

### I.  PLAINTIFF'S FALSE ARREST AND UNLAWFUL SEARCH CLAIMS ARE NOT TIME-BARRED

#### The Statute of Limitations is Tolled by Illinois' Discovery Rule

As a general matter, a cause of action for a civil rights violation under 42 U.S.C. §1983 accrues when the plaintiff suffers the injury. Illinois courts, however, recognize the discovery rule, the effect of which "is to postpone the commencement of the relevant statute of limitations

until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Hollander v. Brown,* 457 F.3d 688, 692 (7th Cir.2006) (quoting *Golla v. General Motors Corp.,* 167 Ill.2d 353 (1995)); *see also Bontkowski v. Smith,* 305 F.3d 757, 762 (7th Cir.2002) (when federal court borrows state statute of limitations, it also borrows state tolling doctrine). In other words, "the discovery rule starts the statute of limitations from the date when the plaintiff discovers, or reasonably could discover, both [his] injury and the causal connection between [his] injury and the tortious conduct." *Hollander v. Brown,* 457 F.3d at 692-93 (citation omitted). Whether a plaintiff has brought a claim within the time allowed by the Illinois discovery rule is generally a question of fact; the Court may determine this issue as a matter of law only if the answer is clear from the pleadings. See *Clay v. Kuhl,* 189 Ill.2d 603, 609 (2000).

      Plaintiff alleges the following in his complaint:

      9.     On October 2, 2003, defendant police officers returned to said apartment with a search warrant. The warrant was based on information from an informant whose identity and reliability were in dispute. Moreover, defendant police officers had misrepresented and falsified information when presenting the warrant to a state magistrate for signature.

      10.     Defendant police officers alleged that they found a controlled substance, a gun, and other items when executing the warrant on October 2, 2003.

      11.     On November 15, 2003, plaintiff WILLIE JOHNSON was falsely arrested by defendant police officers and charged with felonies pertaining to the alleged controlled substance and gun taken from the basement apartment of 1806 S. Harding, Chicago, Illinois, all without probable cause and without a warrant.
      . . .

      14.     Defendant police officers persisted in covering up and hiding evidence during the prosecution, resulting in plaintiff's continued incarceration.

      15.     After making various rulings and orders regarding irregularities and inconsistencies in police testimony and the prosecution proof pertaining to constitutional

issues, and after defendant police officers claimed that they had lost all trace of information regarding their alleged informant, Judge James F. Holderman granted the motion of the United States Attorney to dismiss the indictment against plaintiff.

16.     Plaintiff was released on December 6, 2006, after having been wrongfully incarcerated for over three years.

The police officers here came armed with a search warrant based on information from an alleged secret informant when they searched the apartment in question on October 2, 2003. They seized items in the apartment on which they based their arrest of plaintiff. It was only when the series of orders of Judge James F. Holderman in late 2006 led to the revelation that *the existence of the informant was a lie,* that the nature and scope of the illegality of the police misconduct was learned.

The presumptive legality of the search warrant thus caused plaintiff not to be aware of a "complete and present cause of action" as of the date of the search and the date of his arrest. *See Wallace v. Kato,* ___ U.S. ___, 127 S.Ct 1091, 1095 (2007). Although the discovery rule does not suspend the accrual of a claim until the plaintiff experiences the entirety of consequences resulting from an injury, it does suspend accrual of a claim until plaintiff has knowledge of an allegedly unlawful action. *See Brademas v. Indiana Hous. Fin. Auth.,* 354 F.3d 681, 686 (7th Cir.2004). While the injury to Willie Johnson from his arrest occurred in November of 2003, the Illinois discovery rule starts the statute of limitations from the date when the plaintiff discovers, or reasonably could discover, both his injury *and the causal connection between his injury and the tortious conduct. Hollander v. Brown,* 457 F.3d at 692-93 (citation omitted).

Willie Johnson first learned that defendants lied about the existence of an informant when the prosecution's case disintegrated in late 2006, as a result of Judge Holderman's various disclosure orders. That is when the clock started on the two-year statute of limitations.

**Plaintiff's False Arrest and Illegal Search Claims Did Not Accrue Until Criminal Charges Were Dismissed Because of the Fruit of the Arrest and Search Was Used in the Prosecution**

Defendant police officers arrested Willie Johnson and prosecuted him for three long years based on physical items (alleged controlled substance, a gun, and other items) they seized with a fraudulent warrant and on a statement from Willie Johnson they obtained as a result of an illegal arrest. Since this evidence was used in the criminal prosecution of Mr. Johnson, the unconstitutional conduct continued throughout the prosecution. The accrual of the causes of action in Counts I and II thus occurred only upon the favorable termination of Mr. Johnson's criminal prosecution in December of 2006. The counts are therefore timely.

**Plaintiff's Illegal Search Claim Did Not Accrue Until Criminal Charges Were Dismissed Because of the *Heck* Bar to an Earlier Suit**

The Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994) held that a plaintiff cannot bring a claim for damages for unconstitutional conduct if the unlawfulness, if proven, would render a criminal conviction or sentence invalid. In the case at hand, if plaintiff prevailed in a civil rights claim that the search was without a valid warrant, without probable cause, and without consent (Count II), that would have impacted on plaintiff's criminal prosecution on drug and gun charges. The civil rights case brought during the pendency of the criminal prosecution thus would have been dismissed. The *Heck* decision is premised on the "strong judicial policy against creation of two conflicting resolution arising out of the same or identical transaction." *Heck v. Humphrey,* 512 U.S. at 484.

The Seventh Circuit in *Jogi v. Voges*, 480 F.3d 822, 836 (7th Cir.2007), explained the *Heck* rule by citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If success in a § 1983 lawsuit "would not spell immediate or speedier relief [from a criminal conviction], then § 1983 remains available for use, and *Heck* does not bar the action." *Jogi v. Voges*, 480 F.3d at 81-82. To the contrary in the case at hand, however, success in the § 1983 case *would have conflicted* with the criminal prosecution of Willie Johnson on the gun and drug charges; therefore, the § 1983 case would have been barred.

The Supreme Court in *Wallace v. Kato,* ___ U.S. ___, 127 S.Ct. 1091, 1095 (2007) dealt with the question of when a § 1983 action accrues, holding that accrual is a question of federal law. The accrual date may be different for different claims under § 1983. Plaintiff here maintains that the guns and drugs that were seized as a result of the unconstitutional search and seizure were used in his criminal prosecution. Hence, the unconstitutional conduct continued through the prosecution. The accrual of the cause of action in Count II occurred only upon the favorable termination of Mr. Johnson's criminal prosecution. The count is therefore timely.

## II.   PLAINTIFF'S FIFTH AMENDMENT CLAIM IS PROPERLY PLEAD

Plaintiff Willie Johnson alleges: "Defendant police officers claimed that plaintiff made incriminating statements. Said statements were involuntarily made and made without proper *Miranda* warnings." *See Complaint ¶ 12.* He further alleges: "Alleged incriminating statements involuntarily obtained from plaintiff were used against plaintiff in his criminal proceedings, to his detriment." *See Complaint ¶ 31.*

The Supreme Court in *Chavez v. Martinez,* 538 U.S. 760 (2003) held that a § 1983 action based on the Self-Incrimination Clause of the Fifth Amendment must be based on the use

of an involuntary statement in a criminal proceeding. Thus, it is not the police questioning, but rather use of an involuntary statement in an actual prosecution that constitutes the constitutional violation. Moreover, where a criminal proceeding is commenced and pursued in large part *because of* the involuntary statement, as in the case at hand, there is a § 1983 violation. *Sornberger v. City of Knoxville, Illinois*, 434 F.3d 1006, 1026-27 (7th Cir. 2006).

Defendants object to plaintiff's assertion that the statements he made might not be incriminating. There is nothing wrong with pleading in the alternative. Plaintiff is entitled to plead in the alternative, even if the pleadings appear inconsistent. *Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir.2001).

### III. PLAINTIFF'S CLAIM FOR UNCONSTITUTIONAL INCARCERATION IS VALID

Defendants argue that plaintiff's claim that he was unconstitutionally incarcerated for three years should fail because the Fourth Amendment does not protect against a continuing seizure and the Fifth Amendment does not apply to state actors. The Supreme Court in *Wallace v. Kato,* ___ U.S. ___, 127 S.Ct. 1091 (2007) held that unlawful detention after arraignment constitutes the tort of malicious prosecution, which "remedies detention accompanied, not by the absence of legal process, but by wrongful institution of legal process. *Id.* at 1096. In citing *Albright v. Oliver*, 510 U.S. 266 (1994), the Court noted that it has never "explored the contours of a Fourth Amendment malicious prosecution suit under § 1983." *Id.* at f.n.2. Thus, the Court leaves open the possibility that plaintiff's illegal detention for three years, a far more devastating insult and injury that the initial arrest and detention for a matter of days, constitutes a constitutional violation. Plaintiff may have failed to properly identify the Fourteenth

Amendment as the source of his right to sue under § 1983; however, Count IV is otherwise adequately plead and proper.

### IV.  PLAINTIFF'S DUE PROCESS CLAIM IS PROPERLY PLEAD

In his complaint, plaintiff Willie Johnson pleads:

>       39.    Defendant officers deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, testifying falsely, and otherwise acting to deny plaintiff fair legal proceedings.
>
>       40.    Defendant officers further withheld evidence and concealed vital facts from the prosecution and the court in order to obtain a warrant and to prosecute plaintiff over the course of three years.
>
>       41.    These acts directed toward plaintiff were intentional and material, and were in violation of plaintiff's right to due process.
>
>       42.    These acts resulted in a wrongful conviction and loss of liberty for almost three years.

Due process rights are grounded in traditional notions of what is required for a fair trial. Police officers' candor with prosecutors is therefore critical. *Newsome v. McCabe,* 256 F.3d 747, 752 (7th Cir.2001). A police officer who deliberately supplies misleading or false information to a prosecutor that successfully influences a decision to prosecute is liable for due process violations. *Mahoney v. Kesery*, 976 F.2d 1054, 1061 (7th Cir.1992); *Jones v. City of Chicago,* 856 F.3d 985, 994 (7th Cir.1988). See *Wallace v. City of Chicago,* 440 F.3d 421,429 (7th Cir.2006), aff'd *Wallace v. Kato,* 127 S.Ct. 1091 (2007).  A due process claim may be brought even if the prosecutors drop the charges against a criminal defendant. *Id.* at 752-53 (citing *Jones v. City of Chicago,* 856 F.2d 985, 988 (7th Cir. 1988)).

In the case at hand, plaintiff alleges that defendants withheld evidence and concealed vital facts from the prosecution and court, initially in order to obtain a warrant and then to prosecute plaintiff over the course of three years.  Defendants cloaked themselves in secrecy about the informant at the commencement of the prosecution and only when Judge Holderman pressed them three years later to produce any information at all about the alleged informant, did it become clear that the informant was a fabrication.  The toll on Willie Johnson was that he spent three years in jail in the dark about the facts of his case and unable to adequately defend himself from serious felony charges.

Defendants' fraud  impeded plaintiff's right to fair criminal proceedings.  Due process protects access to the courts that is "adequate, effective, and meaningful."  When police officers conceal or obscure important facts about a crime, "rendering hollow the right to seek redress," constitutional rights are "undoubtedly abridged." *See Cefalu v. Village of Elk Grove,* 211 F.3d 416, 422-23 (7th Cir.2000) (citations omitted).

Plaintiff's due process claim is properly plead.

## V.  DEFENDANTS' MOTION TO DISMISS STATE CLAIM SHOULD BE RENDERED MOOT

Plaintiff contends that the federal claims in his complaint are sufficient.  If the Court agrees, then the motion to dismiss the state claim would be moot.

## CONCLUSION

Plaintiff Willie Johnson only learned in 2006, as a result of Judge Holderman's rulings, the causal connection between defendants' tortious and fraudulent conduct and his injury.  Hence, Illinois' discovery rule applies and plaintiff's false arrest and illegal search claims are timely.

Plaintiff's Fifth Amendment and due process claims are adequately plead. The complaint is sufficient on its face and complies with the notice pleading requirements of FRCivP Rule 8(a)(2). Plaintiff should be allowed to proceed on his complaint and develop through discovery the circumstances of the search, seizure, and arrest, and discover any and all fraudulent evidence that was used to justify the search, seizure, and arrest.

Defendants' motion to dismiss the complaint should be denied.


Dated: May 5, 2008                                              s/    Irene K. Dymkar
                                                                      Irene K. Dymkar

Plaintiffs' Attorney:
Irene K. Dymkar
300 West Adams, Suite 330
Chicago, IL 60606-5107
(312) 345-0123


## CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on the 5th day of May, 2008, a copy PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT was served upon the attorney for defendants named below through the Court's electronic filing system.

Patricia J. Kendall
City of Chicago, Department of Law
30 N. LaSalle, Suite 1400
Chicago, IL 60602


Dated: May 5, 2008                                              /s    Irene K. Dymkar
                                                                      Irene K. Dymkar