IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Willie Johnson, | ) | No. 07 C 6862 |
| Plaintiff, | ) | |
| v. | ) | Judge Shadur |
| | ) | |
| Robert Garza, et. al, | ) | Magistrate Judge Cole |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT
OF THEIR MOTION TO DISMISS**

Defendant Chicago Police Officers Robert Garza, Anthony Amato, Vernon Mitchell, Jr., Thomas Harris, Thomas McDermott, Donna Strand, Daniel Ludwig, Enrique Pacheco, Jr., Bryant Garcia, A. Torres, and Patrick Johnson, and Defendant City of Chicago ("Defendants"), by their attorneys, Patricia J. Kendall and Anne K. Preston, Assistants Corporation Counsel of the City of Chicago, submit the following Reply Memorandum in further support of their motion to dismiss Plaintiff's Complaint:

I.  **PLAINTIFF'S FOURTH AMENDMENT FALSE ARREST AND UNLAWFUL SEARCH CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY ARE TIME-BARRED.**

In response to Defendants' Motion to Dismiss the Fourth Amendment claims for false arrest (Count I) and unlawful search (Count II) as time barred, Plaintiff raises three arguments. Each of these arguments posits that Plaintiff's cause of action for false arrest and unlawful search did not arise until December 2006, the date the government dismissed charges against him. First, Plaintiff contends the two year statute of limitations is tolled by Illinois' discovery rule until the time he first learned that Defendants "lied" about the existence of an informant and the prosecution's case disintegrated in late 2006, as a result of Judge Holderman's various disclosure

1

orders.[1]  Second, Plaintiff argues that the results of the alleged arrest and search were used to prosecute him so that the fruits of the unconstitutional conduct were continuing and Plaintiff's causes of action did not accrue until favorable termination of the criminal proceedings in December 2006.  Third, Plaintiff asserts that Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), barred his unlawful search claim until the criminal charges were dismissed.  None of these arguments has any merit.

     A.     **The Illinois Discovery Rule Does Not Save Plaintiff's Untimely False Arrest and Unlawful Search Claims.**

The Illinois discovery rule is an accrual rule which is inapplicable to the instant case.  It is clearly established that the "accrual date of a §1983 cause of action is a question of federal law that is not resolved by reference to state law."  Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).  Plaintiff relies on the Clay case for the proposition that under the Illinois discovery rule, "a party's cause of action **accrues** when the party knows or reasonably should know of an injury and that an injury was wrongfully caused."  Clay v. Kuhl, 189 Ill.2d 603, 609 (Ill. 2000) (emphasis added).  Plaintiff's reliance on Illinois common law is misplaced because accrual of a §1983 action is governed by federal law.

The Hollander case, cited in Plaintiff's Response, did not include a §1983 cause of action and is completely distinguishable from the instant case.  Hollander v. Brown, 457 F.3d 688, 691-693 (7th Cir. 2006)(holding that the Illinois discovery rule did not delay accrual of plaintiff's Illinois state law claims where the district court exercised diversity jurisdiction).  Plaintiff cites

---

[1] Although for purposes of a motion to dismiss this court must take all well pled allegations as true, Plaintiff has not accurately presented to the court the circumstances underlying the dismissal of the charges against him.  There was never a ruling or finding by the court that the detectives "lied" about the informant.  Rather, the government dismissed the claims with prejudice in exchange for Plaintiff's guilty plea to violation of probation.  In so doing, Plaintiff admitted a gun was found in his house and he admitted constructive possession of that gun.  (See Exhibit 1attached)  In any event, Plaintiff's representations in response to a motion to dismiss have no bearing on assessing the sufficiency of the pleadings on a Rule 12(b)(6) motion.

the Bontkowski case for the proposition that Illinois state law tolling provisions apply. See Bontkowski v. Smith, 305 F.3d 757 (7th Cir. 2002). However, the Bontkowski opinion makes no mention of the "discovery rule" and is wholly inapplicable to the instant case because the "discovery rule" is not a tolling provision, but rather a common law rule of accrual.

Plaintiff's false arrest claim is time-barred. The statute of limitations for a Fourth Amendment false arrest claim begins to run at the time that Plaintiff appeared before the magistrate judge and was bound over for trial. See Wallace, 127 S.Ct. at 1097. The Supreme Court expressly rejected the argument that the statute of limitations for false arrest or false imprisonment begins to run when the criminal charges are dismissed by the state. Id. at 1096. Legal process was instituted against Plaintiff on November 16, 2003, after a judicial finding of probable cause. (See Exhibit A to Motion to Dismiss). The statute of limitations for the false arrest claim expired on November 16, 2005, because in Illinois the applicable statute of limitations for §1983 claims is two years. Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993)(citations omitted). Therefore, Plaintiff's false arrest claim was untimely filed on December 5, 2007 and should be dismissed with prejudice.

Similarly, Plaintiff's unlawful search claim should be dismissed with prejudice because it was filed after the expiration of the statute of limitations. Generally, a claim accrues when "the plaintiff can file suit and obtain relief." See Wallace, 127 S.Ct. at 1095 (citations omitted). A cause of action for unlawful search pursuant to the Fourth Amendment "necessarily accrues at the time of the unlawful search." Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998). See also, Perez v. Sifel, 57 F.3d 503, 505 (7th Cir. 1995); Nesbitt v. City of Champaign, 34 Fed. Appx. 226 (7th Cir. 2002). Therefore, Plaintiff's unlawful search claim would have accrued in September 2003 for the first alleged search and on October 2, 2003 for the second alleged search.

(See Complaint, ¶¶ 8, 9). The statute of limitations for the unlawful search claim expired on October 2, 2005 because the statute of limitations for §1983 claims is two years. Kelly, 4 F.3d at 511(citations omitted). Therefore, Plaintiff's unlawful search claim was untimely filed on December 5, 2007 and should be dismissed with prejudice.

Even if this court finds that the discovery rule applies in this case, Plaintiff's unlawful search and false arrest claims are not timely filed. The Illinois Supreme Court held that a *de minimis* injury starts the running of the statute of limitations in Illinois even if subsequently realized injuries are much more severe. Golla v. General Motors Corp., 167 Ill.2d 353, 369-371 (1995). Plaintiff concedes in his response that the discovery rule does not suspend the accrual of a claim until the plaintiff experiences the entirety of the consequences resulting from an injury, but only until plaintiff has knowledge of an allegedly unlawful action. (Response 4).

If in fact Plaintiff was innocent of any illegal activity as he alleges in his Complaint, then he would know at the time of the search – or when he first learned of the search – that it was not supported by probable cause. At the latest, Plaintiff and his criminal defense counsel would have learned a search was conducted at his home pursuant to a search warrant on October 2, 2003, when his arrest report was filed with the court and became part of the criminal court file. This occurred on November 16, 2003. (See arrest report file- stamped November 16, 2003 attached hereto as Exhibit 2)[2] If Plaintiff was not engaging in any illegal activity in the home, he certainly would have known there was no probable cause or reason to believe he was engaging in illegal activities when he first learned of the search warrant.

---

[2] For purposes of a Rule 12(b)(6) motion to dismiss, the court may take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment. See Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994); see also Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983) (stating "federal courts may … take [judicial] notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.")

4

At a minimum, Plaintiff alleges the indictment was filed against him in the Circuit Court of Cook County on December 8, 2003. (See Complaint ¶ 46) Plaintiff certainly would have had knowledge of the charges against him on December 8, 2003, and would have been aware his arrest resulted from the items found during the execution of a search warrant at his home on October 2, 2003. Plaintiff's Response asserts he did not learn that the existence of the informant was a lie until December 2006, but provides no sworn affidavit or citation to the record to support this self-serving assertion. (Response 4). Even so, it is irrelevant because a claim will accrue before Plaintiff knows the full scope of his injury. Plaintiff knew whether he was engaging in illegal activity at the home and, therefore, knew by December 8, 2003, at the latest, whether the search warrant was supported by probable cause. Yet, Plaintiff waited almost four years to file the instant action. It is unnecessary that Plaintiff determine prior to the initiation of a lawsuit the full extent of his claim; rather, the unlawful search claim accrued when Plaintiff first knew a search was conducted. Plaintiff's unlawful search claim should be dismissed because it was not timely filed.

Plaintiff knew on November 15, 2003, whether there was probable cause to believe he was illegally in possession of the gun and drugs for which he was arrested. Plaintiff could not have "discovered" this later. Either Plaintiff possessed these items or he did not. It is persuasive, although not binding authority, that other courts have held the discovery rule does not delay accrual of a false arrest claim because plaintiff is aware of the injury (the wrongful arrest), and the parties responsible for the injury at the time of arrest. Dean v. Behrend, 2007 WL 4531796, at *3 (N.D. Ill. Dec. 19, 2007) (J. Coar); Johnson v. Guevara, 2007 WL 2608525, at *2 (N.D. Ill. Sept. 5, 2007) (J. Grady). Plaintiff knew whether his arrest was false on the date of his arrest. It is simply ridiculous to say Plaintiff could not discover whether he was falsely

arrested until December 2006. Therefore, the discovery rule does not save Plaintiff's false arrest claim, and it should be dismissed as untimely filed.

### B. Plaintiff's Unlawful Search and False Arrest Claims Accrued Long Before the Underlying Criminal Case Was Dismissed.

As set forth more fully above, Plaintiff complains of Defendants' conduct in allegedly searching the residence some time in September 2003, executing a search warrant on October 2, 2003, and arresting him on November 15, 2003. Plaintiff's false arrest claim accrued on the date he was bound over for legal process, on November 16, 2003, as set forth more fully above. See Wallace, 127 S.Ct. at 1095. Plaintiff's unlawful search claim accrued on the date of the alleged searches, in September 2003 and October 2, 2003, as discussed more fully above. See Gonzalez, 133 F.3d at 553. Plaintiff filed his complaint on December 5, 2007, over four years after the alleged September 2003 search, the October 2, 2003 search, and his November 15, 2003 arrest, and well beyond the two year statute of limitations. Therefore, Plaintiff's false arrest and unlawful search claims are time-barred.

Plaintiff cites no authority for the proposition that his false arrest and unlawful search claims did not accrue until the termination of the underlying criminal case. In fact, the Supreme Court expressly rejected the argument that the statute of limitations for false arrest did not accrue until the criminal charges were dismissed by the state. Wallace, 127 S.Ct. at 1096. There is no ongoing or continuing Fourth Amendment violation. The Seventh Circuit has rejected the notion of a "continuing seizure." Wiley v. City of Chicago, 361 F.3d 994, 998 (7th Cir. 2004) (citations omitted). Rather, a Fourth Amendment claim is "limited up until the point of the arraignment." Id. Plaintiff's arrest was completed on November 15, 2003. The search was completed on October 2, 2003.

Plaintiff's unlawful search claim challenges the propriety of the search itself, not the items recovered. To maintain a cause of action for unlawful search Plaintiff must show the search was unlawful and it caused him actual compensable injury. See Gonzalez, 133 F.3d at 553, citing Memphis Community School District v. Stachura, 477 U.S. 299, 308 (1986). The Seventh Circuit held an unlawful search claim "does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." Gonzalez, 133 F.3d at 553. The "injury" of three year's incarceration that Plaintiff is asserting in the instant case is not recoverable under a theory that the search of the residence was unlawful. Use during the course of a prosecution of "the fruits of a past unlawful search or seizure 'works no new Fourth Amendment wrong.'" Id. at 554-555 (citations omitted)(the court noted that even a conviction based on improperly obtained evidence is not an independent violation of the Fourth Amendment). Because the use of the evidence seized during the search of Plaintiff's residence during the course of his criminal prosecution does not give rise to another constitutional violation, Plaintiff cannot maintain that his Fourth Amendment claims did not accrue until the criminal proceeding was resolved.[3] The alleged constitutional violations occurred in 2003, and Plaintiff failed to initiate the instant action until 2007, beyond the expiration of the statute of limitations.

    C.    **Heck is Inapplicable to Determining when a Fourth Amendment Claim for Unreasonable Search Accrues.**

Plaintiff's reliance on Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), to save his illegal search claim in Count II[4] from being time barred is totally misplaced. Heck held a

---

[3] To the extent Plaintiff's Response makes reference to the "fruits" of the search or of any interrogation and may be referring to the fruit of the poisonous tree doctrine, that doctrine simply does not apply to a §1983 action. See Townes v. City of New York, 176 F.3d 138 (2nd Cir. 1999); Bradshaw v. Mazurski, 2004 WL 170337 at *6 (N.D. Ill. 2004); Rivera v. Burke, 2008 WL 345612 at *5 (N.D. Ill. 2008).

[4] Plaintiff does not argue Heck applies to his false arrest claim in Count I.

7

§1983 Plaintiff could not recover damages for an allegedly unconstitutional conviction or imprisonment until the conviction or sentence has been set aside. In other words, Heck does not permit collateral attacks on convictions through tort actions.

In the instant case, Plaintiff had no trial, was not convicted and was not sentenced on the charges brought as a result of the search, and therefore, he is not bringing a claim that would challenge his conviction or sentence. Hence, on a very simplistic level, Heck does not save Plaintiff's unlawful search claim. And the Supreme Court in Wallace, expressly so limited Heck. "[T]he Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" 127 S.Ct at 1097-98 (emphasis in original).

Rather, Plaintiff's claim here is that the fruit of the unlawful search was used to prosecute him and, therefore, his claim only arose upon conclusion of the criminal prosecution. Again, the Supreme Court in Wallace expressly rejected this same argument. In Wallace, the Court rejected petitioner's theory that the initial Fourth Amendment violation set the wheels in motion for his subsequent conviction and detention so that the date of his release from custody was the date his claim accrued. Id. at 1096-97.

Contrary to Plaintiff's reading of Heck, the Supreme Court does not prohibit a criminal defendant from bringing a § 1983 claim during the pendency of a prosecution. Indeed, Heck specifically carved out claims such as Plaintiff's as being cognizable despite the existence of a criminal conviction. In footnote 7, the Court stated:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery . . . such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. 512 U.S. at 487, 114 S.Ct. at 2372 n. 7 (emphasis in original)

8

Considering Heck permits an unlawful search claim to go forward despite a conviction, Heck obviously does not prohibit a § 1983 unlawful search claim during the pendency of a criminal prosecution. As the Court's reasoning in footnote 7 makes clear, there is no logical basis for Plaintiff's assertion that had he brought this "civil rights case . . . during the pendency of the criminal prosecution [it] would have been dismissed" (Response at 5). Plaintiff's statement that his § 1983 claim would have been barred because success on the claim "would have conflicted" with the criminal prosecution on the gun and drug charges has no basis in Heck and its progeny. (Response at 6) In fact, Heck addressed this contingency by noting that if a criminal defendant brings a civil rights lawsuit during the pendency of his criminal action, abstention or a stay pending resolution of the criminal matter may be appropriate. Id. at 487, 114 S.Ct. at 2373 n.8. This point was reiterated in Wallace. 127 S.Ct. at 1098.

Once Heck is eliminated from the equation, Plaintiff is left with a fairly straight forward question of when his claim for unlawful search accrued. Plaintiff correctly notes accrual is a question of federal law, see Wallace, 127 S.Ct. at 1095. Plaintiff cites no authority to support his assertion that the accrual of the cause of action in Count II occurred only upon the termination of the criminal prosecution. (Response at 6). Moreover, in Wallace, the Supreme Court rejected the expansion of Heck to delay accrual of Fourth Amendment claims while criminal cases were pending. Wallace, 127 S.Ct. at 1100.

At bottom, Plaintiff uses Heck to argue any action which *could* impugn an *anticipated future conviction* cannot be brought until that conviction occurs and is set aside. Wallace dismissed this very argument as a "bizarre extension of Heck." 127 S.Ct. at 1098. Heck simply does not defer the accrual of a Fourth Amendment unreasonable search claim. Thus, Plaintiff's wrongful search claim arose on the date of the search.

## II. PLAINTIFF'S FIFTH AMENDMENT CLAIM CANNOT SURVIVE UNLESS PLAINTIFF PLEADS HE IN FACT MADE INCRIMINATING STATEMENTS

The parties agree that Sorenberger v. City of Knoxville, 434 F.3d 1006 (7th Cir. 2006), states the applicable legal standard for stating a claim under the Fifth Amendment for violation of the right against self incrimination. Such a claim requires eliciting incriminating statements without proper Miranda warnings and subsequently using those statements in criminal proceedings. The problem with Count III is Plaintiff has not actually pled that he made any incriminating statements. What Plaintiff has pled is essentially the following: "I don't admit I made any incriminating statements, but the police said I did, and the police used these statements they claim I made against me."

Plaintiff attempts to save his Fifth Amendment claim by arguing he is pleading in the alternative. Yet, Defendants do not understand how this is pleading in the alternative. Plaintiff cannot allege he *might* have a Fifth Amendment claim *if* he made incriminating statements. Either Plaintiff made incriminating statements or he did not. And Plaintiff is in a position to know whether he did right now without any discovery.

As pled, Count III suggests these statements were fabricated by police and Plaintiff did not actually make any incriminating statements. Plaintiff does not dispute that no Fifth Amendment claim attaches to fabricated statements because if Plaintiff did not make any statements he cannot have incriminated himself. Defendants recognize that notice pleading standards are very liberal; however, Plaintiff must at the very least set forth sufficient facts to indicate a viable Fifth Amendment violation has occurred. Plaintiff's complaint fails to establish the fact of self incrimination. Without this, Count III fails as a matter of law.

### III. COUNT IV ENTITLED "UNCONSTITUTIONAL INCARCERATION" SHOULD BE DISMISED BECAUSE PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM

In response to Defendants' argument that Count IV is merely duplicative of Plaintiff's claims for false arrest, unlawful search and due process, Plaintiff has not adequately distinguished this claim from those others to refute Defendants' position. It is clear from Plaintiff's Complaint that the basis for this claim is "the illegal search and seizure" (Complaint at ¶ 34) and Defendants' alleged persistence "in covering up and hiding evidence during the prosecution." (Complaint at ¶ 35). Accordingly, Count IV is nothing more than a second attempt to plead a Fourth Amendment violation and a state law malicious prosecution or due process claim.

Plaintiff appears to acknowledge that the Seventh Circuit has expressly rejected the "continuing seizure" theory of recovery under the Fourth Amendment. See Wallace v. Kato, 440 F.3d 421, 429 (7th Cir. 2006)(Fourth Amendment claim is "limited up until the point of the arraignment.");[5] see also Wiley, 361 F.3d at 998 (citations omitted). Instead, Plaintiff attempts to characterize this claim for unconstitutional incarceration as a malicious prosecution claim, that is, Plaintiff's incarceration after the time of arraignment is compensable due to the wrongful institution of legal process.

Plaintiff's citation to the Supreme Court's decision in Wallace does not save this claim. Wallace clearly supports a delineation of damages between false arrest and malicious prosecution claims. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim . . . rather than detention

---

[5] The Supreme Court's decision in Wallace did not affect this ruling by the Seventh Circuit; indeed, it supports it by stating that damages for a false imprisonment/false imprisonment claim cease when a defendant is bound over by a magistrate or arraigned on charges. 127 S.Ct. at 1096.

itself." 127 S.Ct. at 1096. However, Wallace does not provide that malicious prosecution is a constitutional tort, and Plaintiff correctly notes that the Supreme Court has never "explored the contours of a Fourth Amendment malicious prosecution suit under §1983." Id. at 1096, fn. 2. The Seventh Circuit, however, has addressed this issue and expressly held that there is no constitutional claim for malicious prosecution where a state law remedy exists, as it does in Illinois. Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir. 2000).

To the extent Plaintiff contends he can bring a malicious prosecution claim under the Fourteenth Amendment, Newsome addresses that as well by finding a claim for violation of Brady obligations will state a cognizable claim as it relates to the right to a fair trial.[6] Newsome does not provide support for a malicious prosecution claim within the Fourteenth Amendment. Hence, the governing law in this Circuit dooms Plaintiff's attempt to spin Count IV into a constitutionally cognizable malicious prosecution claim.

In summary, Plaintiff cannot state a Fourth Amendment claim for a continuing seizure or a constitutional malicious prosecution claim. Therefore, any claim brought pursuant to the Fourth Amendment or Fourteenth Amendment, in Count IV, should be dismissed for failure to state a cognizable claim and because it is duplicative of Plaintiff's false arrest and unlawful search claims.

IV.  **PLAINTIFF CANNOT SUCCEED ON A DUE PROCESS CLAIM THAT IS UNCONNECTED TO ANY SPECIFIC CONSTITUTIONAL RIGHT**

Plaintiff's Response does not adequately address the pleading deficiencies of his Count V claim for violation of due process under the Fourteenth Amendment. Plaintiff does not dispute that the Supreme Court in Albright v. Oliver, 510 U.S. 266 (1994), has rejected the Fourteenth Amendment as a source of recovery for claims relating to pre-trial liberty interests impacted by a

---

[6] As discussed below, Plaintiff cannot succeed on a claim for Brady violations.

wrongful prosecution.  Nor does Plaintiff contest that under the law in this Circuit he cannot bring a claim sounding in malicious prosecution and call it a due process claim.

Additionally, Plaintiff ignores this court's ruling in Gregory v. Oliver, 226 F.Supp 943 (N.D. Ill. 2002), which declined to recognize a due process claim for failure to disclose exculpatory evidence in accordance with Brady when "there was no reasonable probability that the result of the proceeding would have been different if the evidence had been disclosed. . . ." Id. at 953.  In Gregory, as is the case here, the criminal proceedings were resolved in plaintiff's favor.  Consequently, whatever evidence may not have been disclosed could not be considered "material in Brady terms" because additional evidence would not have impacted the outcome of the proceedings more favorably to Plaintiff.  Id.

In addition to not addressing these arguments Defendants' raised in their motion to dismiss, Plaintiff has still failed to identify the precise constitutional right at issue.  Plaintiff has only pled a general violation of Fourteenth Amendment due process rights without indicating what right Plaintiff has been deprived of without due process.  As set forth in their Motion to Dismiss, Defendants contend Plaintiff has not and cannot state a claim for violation of any constitutional right under the facts alleged.  In his Response, Plaintiff suggests his rights to a fair trial and to seek legal redress are impacted, but he cannot succeed on such claims.

Although Plaintiff argues "[d]ue process rights are grounded in traditional notions of what is required for a fair trial" (Response at 8), because charges against him were dismissed prior to trial, his Sixth Amendment rights are not implicated by the wrongs he complains of. Plaintiff goes on to argue "[a] police officer who deliberately supplies misleading or false information to a prosecutor that successfully influences a decision to prosecute is liable for due process violations," but the cases Plaintiff cites to support this argument do not, in fact, do so.

Mahoney v. Kesery, 976 F.2d 1054 (7th Cir. 1992), does not stand for the proposition that a police officer who deliberately supplies false information to a prosecutor is liable for *due process violations*. Rather, Mahoney states "a police officer who procures a prosecution by lying to the prosecutor or grand jury can be sued for the consequences of the prosecution." *Id.* at 1061. A close reading of Mahoney reveals the constitutional right at issue was the Fifth Amendment right against self-incrimination, not a general claim of "due process." The plaintiff in Mahoney contended the police officer initiated prosecution as a means of forcing him to provide information on another crime, and because that information might incriminate him in that other crime, plaintiff argued the criminal process was being used to force him to incriminate himself in violation of the Fifth Amendment. Thus, the Seventh Circuit concluded that malicious prosecution-type allegations would not alone support a constitutional tort, but could be a component of another constitutional claim, which in Mahoney was the Fifth Amendment.[7]

Similarly, Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1988), does not support Plaintiff's contention that he can bring a claim for a general violation of due process when it is unconnected to any constitutional right. To begin with, the Jones court did not directly address the question at issue here, because the defendants in Jones conceded the misconduct at issue would violate both the constitution and common law.

> The defendants do not quarrel with the propositions that to arrest a person without probable cause, or to prosecute a person when there is no reasonable ground for believing that he committed a crime, or to do both things to the same person, violates both the Constitution and the common law, and that the victim of such official misconduct is entitled to recover all damages flowing from it. *Id.* at 992.

---

[7] Of course, subsequent to *Mahoney*, the Seventh Circuit has definitively ruled that malicious prosecution does not constitute a cognizable claim under § 1983 for violation of a constitutional right. See Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001).

Thus, whether the <u>Jones</u> plaintiff had a viable Fourteenth Amendment claim for violation of due process alone was not discussed. Moreover, the law in this area has developed a great deal in the 20 years since <u>Jones</u> was decided.

Finally, it is clear from reading the entire <u>Jones</u> opinion that the officers lacked probable cause to even arrest Jones to begin with and that the subsequent prosecution was not based on a reasonable belief that he had committed a crime. Accordingly, even though charges were dropped after the criminal trial began, the court reasoned that the damages flowing from arrest, incarceration, prosecution and trial were the anticipated consequences of arrest and prosecution based not on probable cause, but on a venture to railroad George Jones. As the court noted, in constitutional-tort cases as in other cases, a man is responsible for the natural consequences of his actions. <u>Id</u>. at 993. Consequently, <u>Jones</u> can be fairly interpreted as a case that involves damages resulting from violations of the Fourth Amendment. It cannot be seen as a case that supports a claim for violation of the Fourteenth Amendment's due process clause for "unfair criminal proceedings."

Finally, in his Response, Plaintiff mentions he was deprived of access to the courts that was "adequate, effective, and meaningful." (Response at 9). It is hard to see how this can be true when he succeeded in having the criminal charges dismissed. In any event, <u>Cefalu v. Village of Elk Grove</u>, 211 F.3d 416 (7th Cir. 2000), the case Plaintiff cites in support of this alleged deprivation, was not a case involving a claim for a general denial of due process under the Fourteenth Amendment. Rather, the <u>Cefalu</u> plaintiffs' claim was grounded in the First Amendment's guarantee of the right to seek redress in the courts for asserted injuries.

At bottom, Plaintiff has failed to cite a single case that supports Count V – a stand alone claim for a due process violation under the Fourteenth Amendment unconnected to any specific

constitutional right. Plaintiff's Response – like his Complaint – insists he was deprived of a "right to fair criminal proceedings" (Response at 9, Complaint at ¶39). The constitution, however, does not provide for such a right. Put simply, Plaintiff must be deprived of a constitutional right without due process of law. Plaintiff has simply pled, however, that he was denied due process in general; in other words, he was treated unfairly. But the constitution does not provide a right to general fairness. It provides protection against the deprivation of specific rights without due process. Plaintiff must first identify the specific right at issue, and Plaintiff has failed to do so.

WHEREFORE, for the reasons set forth herein and in their Motion to Dismiss, Defendants respectfully request that this Honorable Court dismiss Counts I-V with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, decline to exercise jurisdiction over Plaintiff's state law claim in Count VI, and grant any further relief this Court deems appropriate.

Respectfully Submitted,

s/ Patricia J. Kendall
Patricia J. Kendall
Assistant Corporation Counsel
Atty No. 06195253

s/ Anne K. Preston
Anne K. Preston
Assistant Corporation Counsel
Atty No. 6287125

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-5170/742-4045

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the above and foregoing, **DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS** to be sent via e-filing to all attorneys of record on May 28, 2008, in accordance with the rules on electronic filing of documents.

　　　　　　　　　　　　　　　　　　　　　　　　  s/ Patricia J. Kendall