IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Willie Johnson, | ) |
| | ) No. 07 C 6862 |
| Plaintiff, | ) |
| | ) Judge Shadur |
| v. | ) |
| | ) Magistrate Judge Cole |
| Robert Garza, et. al, | ) |
| | ) Jury Demand |
| Defendants. | ) |

**DEFENDANTS' MOTION TO RECONSIDER THE DENIAL OF DEFENDANTS' MOTION TO DISMISS AS TO COUNT I**

Defendant Chicago Police Officers Robert Garza, Anthony Amato, Vernon Mitchell, Jr., Thomas Harris, Thomas McDermott, Donna Strand, Daniel Ludwig, Enrique Pacheco, Jr., Bryant Garcia, A. Torres, and Patrick Johnson, and Defendant City of Chicago ("Defendants"), by their attorneys, Patricia J. Kendall and Anne K. Preston, Assistants Corporation Counsel of the City of Chicago, hereby move this Honorable Court to reconsider the denial of their motion to dismiss as to Plaintiff's false arrest claim (Count I). In support of this motion, Defendants state as follows:

Defendants respectfully request this Court reconsider its July 11, 2008 ruling as it pertains to Count I because Plaintiff's Fourth Amendment false arrest claim is improperly based upon the fruit of the poisonous tree doctrine, which does not apply to non-criminal matters. Defendants submit that the Court allowed Plaintiff to apply the fruit of the poisonous tree doctrine to maintain his time barred false arrest claim; yet, the law is clear that a claim for false arrest in violation of the Fourth Amendment accrues at the time a plaintiff is bound over for trial.

This Court's July 11, 2008 order, denying Defendants' motion to dismiss Count I, characterizes Plaintiff's false arrest claim as grounded on the fruit of the poisonous tree doctrine as

set forth in the criminal case U.S. v. Gillespie, 650 F.2d 127, 129 (7th Cir. 1981 (per curiam). See Order, p. 10, n. 11. The Gillespie court held that the "fruits" of a constitutional violation should be suppressed or inadmissible at defendant's criminal trial. See Gillespie, 650 F.2d at 129. The fruit of the poisonous tree doctrine is an evidentiary rule in the context of a criminal proceeding. Wong Sun v. United States, 371 U.S. 471, 484-488 (1963). The fruit of the poisonous tree doctrine is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." United States v. Calandra, 414 U.S. 338, 348 (1974). The Supreme Court has declined to extend the exclusionary rule beyond the context of a criminal trial to non-criminal matters. See U.S. v. Janis, 428 U.S. 433, 454 (civil tax proceeding); Stone v. Powel, 428 U.S. 465, 493 (1976) (habeas proceeding), U.S. v. Calandra, 414 U.S. 338, 349-352 (1974) (grand jury proceedings), INS v. Lopez-Mendoza, 468 U.S. 1032, 1050 (1984) (I.N.S. deportation proceedings); Pennsylvania Board of Probation & Parole v. Scott, 524 U.S. 357, 363-364 (1998) (parole revocation proceedings). Allowing a Section 1983 action "to proceed solely on a fruit of the poisonous tree theory of damages would vastly overdeter state actors." Townes v. City of New York, 176 F.3d 138, 146 (2nd Cir. 1999) (reasoning that "to extend the doctrine to §1983 actions would impermissibly recast the relevant proximate cause inquiry to one of taint and attenuation"). The fruit of the poisonous tree doctrine simply does not apply to a Section 1983 action. See Townes, 176 F.3d at 138; Bradshaw v. Mazurski, 2004 WL 170337 at *6 (N.D. Ill. 2004); Rivera v. Burke, 2008 WL 345612 at *5 (N.D. Ill. 2008).

  Because the fruit of the poisonous tree doctrine does not apply in a civil action, Plaintiff's false arrest claim, grounded in the fruit of the poisonous tree doctrine, fails to state a claim upon which relief can be granted. Plaintiff cannot use that doctrine to say if the search warrant was bad,

the fruit of the warrant was bad, and therefore, his arrest was without probable cause and he did not know there was no probable cause until the warrant was found invalid. Even if the search at issue was improper, it would not negate the probable cause that existed for Plaintiff's arrest at the time of the arrest, and it would not forestall the accrual of the injury. Plaintiff simply contends he did not learn of his injury until he learned of the unlawful nature of the search that yielded the probable cause for his arrest. However, the alleged unlawful nature of the search would only extinguish the probable cause to arrest if the fruit of the poisonous tree doctrine is applied in the civil context. And the law is clear that it does not. Thus, Plaintiff knew at the time of his arrest whether there was probable cause to believe he had committed a crime, and therefore, the false arrest claim accrued when he was detained pursuant to legal process.

It is undisputed that a Fourth Amendment false arrest claim accrues at the time that plaintiff appeared before the magistrate judge and was bound over for trial. See Wallace v. Kato, et al., ____ U.S. ____, 127 S.Ct. 1091, 1097 (2007). The federal discovery rule "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured." Cada v. Baxter Health Care Corp., 920 F.2d 446, 450 (7th Cir. 1990). Plaintiff, here, certainly knew whether he was injured at the time of his arrest. Under the federal discovery rule, a claim accrues once the party performs the alleged unlawful act and once the party bringing a claim discovers **an** injury resulting from this unlawful act. Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1139 (7th Cir. 1992) (emphasis added) citing Cada, 920 F.2d at 450. It is not necessary that Plaintiff discover the full extent of his injury in order for the statute of limitations to begin running. Furthermore, the Supreme Court expressly rejected the argument that the statute of limitations for false arrest or false imprisonment began to run when the criminal charges were dismissed by the state. See Wallace, 127 S.Ct. at 1096.

Ultimately, Plaintiff is applying the discovery rule to postpone the accrual of the injury on his false arrest claim by arguing he was not aware he had been falsely arrested until the search warrant was found improper. However, using that logic necessitates applying the fruit of the poisonous tree doctrine to the accrual date. The federal discovery rule cannot be used to delay accrual of Plaintiff's false arrest claim until such time as Plaintiff learns that he may have a claim for unlawful search because to do so would give Plaintiff the benefit of the fruit of the poisonous tree doctrine in the context of a civil case. An unlawful search claim is a separate cause of action. Plaintiff certainly discovered <u>an</u> injury as a result of his alleged false arrest at the time of his arrest or when he was detained pursuant to legal process. Plaintiff's false arrest claim should be dismissed with prejudice because it is time-barred. Plaintiff's false arrest claim accrued on or about November 16, 2003 and his complaint alleging false arrest was filed on December 5, 2007, more than two years beyond the expiration of the statute of limitations.

WHEREFORE, Defendants respectfully request that this Court reconsider the denial of their motion to dismiss Plaintiff's false arrest claim (Count I), and grant such other relief as this Court deems just and appropriate.

Respectfully Submitted,

/s/ Patricia J. Kendall
PATRICIA J. KENDALL
Assistant Corporation Counsel

/s/ Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, Illinois  60602
(312) 744-5170/(312) 742-4045
Atty No. 06195253/06287125

**CERTIFICATE OF SERVICE**

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF MOTION** and **DEFENDANTS' MOTION TO RECONSIDER THE DENIAL OF DEFENDANTS' JOINT MOTION TO DISMISS AS TO COUNT I,** to be sent via e-filing to the person named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Filing, on August 4, 2008, in accordance with the rules on electronic filing of documents.

    /s/ Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel