**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6862 |
| | ) | |
| ROBERT GARZA, ANTHONY AMATO | ) | |
| VERNON MITCHELL, JR., THOMAS | ) | Judge Shadur |
| HARRIS, THOMAS McDERMOTT, | ) | |
| DONNA STRAND, DANIEL LUDWIG, | ) | |
| ENRIQUE PACHECO, JR., PATRICK | ) | Magistrate Judge Cole |
| JOHNSON, BRYANT GARCIA, A. | ) | |
| TORRES (Star # 5331) and CITY OF | ) | |
| CHICAGO, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND**
**TO PLAINTIFF'S COMPLAINT**

Defendant Chicago Police Officers, Robert Garza, Anthony Amato, Vernon Mitchell Jr.,

Thomas Harris, Thomas McDermott, Donna Strand, Daniel Ludwig, Enrique Pacheco Jr.,

Patrick Johnson, Bryant Garcia, and Antonio Torres, (referred to collectively as "Defendant

Officers"), and Defendant City of Chicago, by and through one of their attorneys, Anne K.

Preston, Assistant Corporation Counsel, hereby submit their Answer, Affirmative Defenses, Fed.

R. Civ. P. 12(b)(6) Defenses, and Jury Demand to Plaintiff's Complaint, and state as follows:

1.    This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**ANSWER:**    Defendants admit that this action is brought under 42 U.S.C. § 1983.

Defendant Officers further admit that they were acting under the color of law at all relevant

times.  Defendant Officers deny the remaining allegations contained in Paragraph 1.

2.    Additionally, Plaintiff relies upon the Court's supplemental jurisdiction to assert
the Illinois state claims of malicious prosecution.

**ANSWER:**    Defendants admit that the Court has supplemental jurisdiction over

Plaintiff's state law malicious prosecution claim.  Defendant Officers deny any remaining

allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3.    Jurisdiction is based upon 28 U.S.C. §§1343 and 1331.

**ANSWER:**    Defendants admit that jurisdiction is proper, but deny any wrongful or

illegal conduct.

4.    Venue lies in the United States District Court, Northern District of Illinois,
pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred
in this district.

**ANSWER:**    Defendants admit that venue is proper, but deny the remaining allegations

contained in Paragraph 4.

## PARTIES

5.    At all times herein mentioned, plaintiff was and is a citizen of the United States
and resides within the jurisdiction of the court.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 5.

6.    At all times herein mentioned, defendants ROBERT GARZA, ANTHONY
AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT,
DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON,
BRYANT GARCIA, A. TORRES (Star #5331) were officers employed by the Chicago Police

Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in Paragraph 7.

### STATEMENT OF FACTS

8. In September of 2003, defendant police officers illegally entered and searched the basement apartment of 1806 S. Harding, Chicago, Illinois, an apartment to which plaintiff had the rights of a guest, but at which he did not permanently reside.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegation that Plaintiff had the rights of a guest, but did not

permanently reside at 1806 S. Harding, Chicago, Illinois. Defendants deny the remaining

allegations contained in Paragraph 8.

9. On October 2, 2003, defendant police officers returned to said apartment with a search warrant. The warrant was based on information from an informant whose identity and reliability were in dispute. Moreover, defendant police officers had misrepresented and falsified information when presenting the warrant to a state magistrate for signature.

**ANSWER:** Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand,

Ludwig, Pacheco, and Johnson and Defendant City admit that they went to the apartment with a

search warrant on October 2, 2003, but deny the remaining allegations contained in Paragraph 9

as they pertain to them. Defendant Officers Torres and Garcia deny the allegations contained in

Paragraph 9, as they pertain to them. Defendant Officers Torres and Garcia lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

contained in Paragraph 9.

10.    Defendant police officers alleged that they found a controlled substance, a gun, and other items when executing the warrant on October 2, 2003.

**ANSWER:**    Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, Ludwig, Pacheco, and Johnson and Defendant City admit that they found a controlled substance, a gun, and other items when executing the warrant on October 2, 2003, but deny the remaining allegations contained in Paragraph 10. Defendant Officers Torres and Garcia deny the allegations contained in Paragraph 10, as they pertain to them. Defendant Officers Torres and Garcia lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10.

11.    On November 15, 2003, plaintiff WILLIE JOHNSON was falsely arrested by defendant police officers and charged with felonies pertaining to the alleged controlled substance and gun taken from the basement apartment of 1806 S. Harding, Chicago, Illinois, all without probable cause and without a warrant.

**ANSWER:**    Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, Ludwig, Pacheco, and Johnson and Defendant City admit that on November 15, 2003, Plaintiff was arrested and charged with felonies pertaining to the controlled substance and gun taken from the basement apartment of 1806 S. Harding, Chicago, Illinois, and that there was no arrest warrant for Plaintiff. Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, Ludwig, Pacheco, and Johnson and Defendant City deny the remaining allegations contained in Paragraph 11. Defendant Officers Torres and Garcia deny the allegations contained in Paragraph 11, as they pertain to them. Defendant Officers Torres and Garcia lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11.

12.    Defendant police officers claimed that plaintiff made incriminating statements. Said statements were involuntarily made and made without proper *Miranda* warnings. Said statements were the fruit of the unconstitutional conduct of defendant officers.

4

**ANSWER:**     Defendant Officer Garza admits that Plaintiff made incriminating statements, but denies the remaining allegations contained in Paragraph 12.  Defendant Officers Amato, Mitchell, Harris, McDermott, Strand, Ludwig, Pacheco, Johnson, Torres, and Garcia deny the allegations contained in Paragraph 12 as they pertain to him.  Defendant Officers Amato, Mitchell, Harris, McDermott, Strand, Ludwig, Pacheco, Johnson, Torres, and Garcia lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12.

13.     Defendant police officers' actions resulted in the filing of a state indictment in the Circuit Court of Cook County on or about December 8, 2003, followed by the filing a federal indictment in the Northern District of Illinois on or about May 19, 2004.

**ANSWER:**     Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, and Johnson and Defendant City admit, upon information and belief, that a state indictment was filed in the Circuit Court of Cook County on or about December 8, 2003 and that a federal indictment was filed in the Northern District of Illinois on or about May 19, 2004, but deny the remaining allegations contained in Paragraph 13.  Defendant Officers Ludwig, Pacheco, Torres, and Garcia lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that a state indictment was filed in the Circuit Court of Cook County on or about December 8, 2003 and that a federal indictment was filed in the Northern District of Illinois on or about May 19, 2004.  Defendant Officers Ludwig, Pacheco, Torres, and Garcia deny the remaining allegations contained in Paragraph 13.

14.     Defendant police officers persisted in covering up and hiding evidence during the prosecution, resulting in Plaintiff's continued incarceration.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 14.

5

15.     After making various rulings and orders regarding irregularities and inconsistencies in police testimony and the prosecution proof pertaining to constitutional issues, and after defendant police officers claimed that they had lost all trace of information regarding their alleged informant, Judge James F. Holderman granted the motion of the United States Attorney to dismiss the indictment against plaintiff.

**ANSWER:**     Defendant Officers Johnson, Ludwig, Pacheco, Torres, and Garcia deny the allegations contained in Paragraph 15, as they pertain to them.  Defendant Officers Johnson, Ludwig, Pacheco, Torres, and Garcia lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15.  Defendant Officers Strand, Mitchell, McDermott, and Harris admit that the federal indictment was dismissed against Plaintiff in exchange for a plea of guilty to violation of supervised release.  Defendant Officers Strand, Mitchell, McDermott, and Harris deny the allegations contained in Paragraph 15 as they pertain to them.  Defendant Officers Strand, Mitchell, McDermott, and Harris lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15.  Defendant Officer Amato admits that the federal indictment was dismissed against Plaintiff in exchange for a plea of guilty to violation of supervised release and that they had lost contact with the informant.  Defendant Officer Amato denies the remaining allegations contained in Paragraph 15 as they pertain to him and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15.  Defendant Officer Garza admits that they could not locate the informant and that the federal indictment was dismissed against Plaintiff in exchange for a plea of guilty to violation of supervised release, but denies the remaining allegations contained in Paragraph 15.  Defendant City admits that the informant could not be located and that the federal indictment was dismissed against Plaintiff in exchange for a plea of guilty to violation of supervised release, but denies the remaining allegations contained in Paragraph 15.

16.    Plaintiff was released on December 6, 2006, after having been wrongfully incarcerated for over three years.

**ANSWER:**    Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand,

Ludwig, Pacheco, and Johnson and Defendant City lack knowledge or information sufficient to

form a belief as to the truth or falsity of the allegation that Plaintiff was released on December 6,

2006.  Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, Ludwig,

Pacheco, and Johnson and Defendant City deny the remaining allegations contained in Paragraph

16.  Defendant Officers Torres and Garcia deny the allegations contained in Paragraph 16, as

they pertain to them.  Defendant Officers Torres and Garcia lack knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations contained in

Paragraph 16.

17.    By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 17.

18.    The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 18.

19.    By reason of the above-described acts and omissions of defendant police officers, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of his rights.  By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 19.

## COUNT I
### Plaintiff Against Individual Defendants for False Arrest

DEFENDANTS MAKE NO ANSWER TO THE ALLEGATIONS CONTAINED IN COUNT I PENDING THIS COURT'S RULING ON THEIR MOTION TO RECONSIDER THIS COURT'S DENIAL OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FALSE ARREST CLAIM BECAUSE IT IS TIME-BARRED.

## COUNT II
### Plaintiff Against Individual Defendants for
### Search with Invalid and Unconstitutional Warrant

23.    Plaintiff WILLIE JOHNSON hereby incorporates and realleges paragraphs 1 -19, as though set forth herein in their entirety.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1-19, inclusive, as their

answer to Paragraph 23, as if fully set forth herein.

24.    Plaintiff did not consent to the search of the basement apartment at 1806 S. Harding, Chicago, Illinois, nor did anyone else with authority to do so.

**ANSWER:**    Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand,

Ludwig, Pacheco, and Johnson and Defendant City admit that Plaintiff did not consent to the

search of the basement apartment at 1806 S. Harding, Chicago, Illinois.  Defendant Officers

Garza, Amato, McDermott, Harris, Mitchell, Strand, Ludwig, Pacheco, and Johnson and

Defendant City deny the remaining allegations contained in Paragraph 24.  Defendant Officers

Torres and Garcia deny the allegations contained in Paragraph 24, as they pertain to them.

Defendant Officers Torres and Garcia lack knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations contained in Paragraph 24.

25.    Defendant police officers executed a search warrant that was not valid and not based upon probable cause.  Said warrant was not supported by facts constituting probable cause, was based on unreliable, unverified, and uncorroborated information from an unreliable and questionable informant, and defendant police officers had misrepresented and falsified information when presenting the warrant to a state magistrate for signature.

8

**ANSWER:**     Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, Ludwig, Pacheco, and Johnson and Defendant City deny the allegations contained in Paragraph 25. Defendant Officers Torres and Garcia deny the allegations contained in Paragraph 25, as they pertain to them. Defendant Officers Torres and Garcia lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25.

26.     Defendant police officers had no legal cause or authority to enter or search the basement apartment of 1806 S. Harding, Chicago, Illinois.

**ANSWER:**     Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, Ludwig, Pacheco, and Johnson and Defendant City deny the allegations contained in Paragraph 26. Defendant Officers Torres and Garcia deny the allegations contained in Paragraph 26, as they pertain to them. Defendant Officers Torres and Garcia lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26.

27.     Defendant police officers alleged they seized a controlled substance, a gun, and other items, the fruit of their illegal search, which they used as evidence in the prosecution of plaintiff.

**ANSWER:**     Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, Ludwig, Pacheco, and Johnson and Defendant City admit that they seized a controlled substance, a gun, and other items. Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, Ludwig, Pacheco, and Johnson and Defendant City deny the remaining allegations contained in Paragraph 27. Defendant Officers Torres and Garcia deny the allegations contained in Paragraph 27, as they pertain to them. Defendant Officers Torres and Garcia lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

contained in Paragraph 27.

28.    By the conduct of the individual defendants, plaintiff WILLIE JOHNSON was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and the laws enacted thereunder.  Therefore, defendants ROBERT GARZA, ANTHONY AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT, DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON, BRYANT GARCIA, and A. TORRES (Star # 5331), and each of them, is liable to said plaintiff's pursuant to 42 U.S.C. § 1983.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 28.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor

and against Plaintiff on Count II, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

## COUNT III
### Plaintiff Against Individual Defendants for Violation
### of Right Against Self-Incrimination

DEFENDANTS MAKE NO ANSWER TO THE ALLEGATIONS CONTAINED IN COUNT III IN ACCORDANCE WITH THIS COURT'S JULY 11, 2008 ORDER FINDING THAT PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

## COUNT IV
### Plaintiff Against Individual Defendants for Unconstitutional Incarceration

DEFENDANTS MAKE NO ANSWER TO THE ALLEGATIONS CONTAINED IN COUNT IV IN ACCORDANCE WITH THIS COURT'S JULY 11, 2008 ORDER FINDING THAT PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

## COUNT V
### Plaintiff Against Individual Defendants for Violation of Due Process

DEFENDANTS MAKE NO ANSWER TO THE ALLEGATIONS CONTAINED IN COUNT V IN ACCORDANCE WITH THIS COURT'S JULY 11, 2008 ORDER FINDING THAT COUNT V FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

## COUNT VI
### Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution

44.     Plaintiff WILLIE JOHNSON incorporates and realleges paragraphs 1--19, as though set forth herein in their entirety.

**ANSWER:**     Defendants reassert their answers to Paragraphs 1-19, inclusive, as their

answer to Paragraph 44, as if fully set forth herein.

45.     The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff.  There was no probable cause for the institution of criminal charges against plaintiff.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 45.

46.     Defendant police officers' actions resulted in the filing of a state indictment in the Circuit Court of Cook County on or about December 8, 2003, followed by the filing a federal indictment in the Northern District of Illinois on or about May 19, 2004.  The criminal proceedings were commenced and continued maliciously

**ANSWER:**     Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand,

and Johnson and Defendant City admit, upon information and belief, that a state indictment was

filed in the Circuit Court of Cook County on or about December 8, 2003 and that a federal

indictment was filed in the Northern District of Illinois on or about May 19, 2004, but deny the

remaining allegations contained in Paragraph 46.  Defendant Officers Ludwig, Pacheco, Torres,

and Garcia lack knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations that that a state indictment was filed in the Circuit Court of Cook County on or

about December 8, 2003 and that a federal indictment was filed in the Northern District of

Illinois on or about May 19, 2004.  Defendant Officers Ludwig, Pacheco, Torres, and Garcia

deny the remaining allegations contained in Paragraph 46.

11

47.     The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 47.

48.     Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these criminal charges.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 48.

49.     Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 49.

50.     The criminal proceedings were terminated in Plaintiff's favor by a dismissal of the federal indictment by Judge James F. Holderman on December 6, 2006.

**ANSWER:**     Defendant Officers Garza, Amato, McDermott, Harris, Mitchell, Strand, Johnson, Ludwig, and Pacheco and Defendant City admit, upon information and belief, that the federal indictment was dismissed against Plaintiff in exchange for a plea of guilty to violation of supervised release, but deny the remaining allegations contained in Paragraph 50.  Defendant Officers Torres and Garcia lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50.

51.     Defendants ROBERT GARZA, ANTHONY AMATO, VERNON MITCHELL, JR., THOMAS HARRIS, THOMAS McDERMOTT, DONNA STRAND, DANIEL LUDWIG, ENRIQUE PACHECO, JR., PATRICK JOHNSON, BRYANT GARCIA, and A. TORRES (Star # 5331), and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution

**ANSWER:**     Defendants deny the allegations contained in Paragraph 51.

52.     Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 52.

# AFFIRMATIVE DEFENSES[1]

1.     Defendant Officers are entitled to qualified immunity.  Defendant officers are government officials, namely police officers, who perform discretionary functions.  Some of the Defendant Officers reasonably relied on the information provided by a confidential informant to obtain a valid search warrant for 1806 S. Harding, Chicago, Illinois.  At all times, Defendant Officers acted in a reasonable manner in obtaining a search warrant for this address.  Some of the Defendant Officers searched the apartment located at 1806 S. Harding pursuant to a search warrant that they reasonably believed to be valid based upon the magistrate judge's issuance of the search warrant.  During the execution of the search warrant, Defendant Officers recovered a gun, a controlled substance, and proof of residence that led them to believe that there was probable cause to arrest Plaintiff.  The search warrant was executed in a reasonable manner.  It was reasonable for some of the Defendant Officers to arrest Plaintiff under the circumstances. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that

---

[1]   Defendants are cognizant of this Court's position on the nature of affirmative defenses. Defendants respectfully assert the following affirmative defenses to preserve the record.  In support of their position, Defendants respectfully note that if a party fails to plead an affirmative defense of qualified immunity, that defense might be waived.  See Johnson v. City of New York, 2000 WL 1335865 (S.D.N.Y.) (qualified immunity is an affirmative defense which may entitle defendants to dismissal prior to the commencement of discovery); Ringuette v. City of Fall River, 146 F.3d 1 (1st Cir. 1998) (Where only one of two defendants raised qualified immunity in their answers, the defense was waived as to the second defendant because of his failure to raise it in the pleadings); Swanson v. Van Otterloo, 177 F.R.D. 645 (N.D. Iowa 1998) (Qualified immunity must be plead in a responsive pleading); Maul v. Constan, 928 F.2d 784 (7th Cir. 1991) (in a civil rights action against state officials, the failure of the defendants to plead the affirmative defense or qualified immunity constituted a waiver fo the defense); Satchell v Dilworth, 745 F.2d 781 (2nd Cir 1984) (district court's grant of summary judgment in favor of defendant police officer on basis of qualified immunity was reversed by court of appeals because defendant had not pleaded the issue of qualified immunity as a affirmative defense.  The court of appeals noted that although the defendant's motion for summary judgment gave notice that he was asserting the defense, defendant did not formally amend his answer and the grant of summary judgment on an unpleaded defense was unfair); Bishop v. State Bar, 791 F.2d 435 (5th Cir. 1986)(immunity is an affirmative defense that mut be pleaded); Santos v. Alaska Bar Ass'n, 618 F. 2d 575(9th Cir. 1980) (immunity from suit was an affirmative defense, and failure to raise it in the district court resulted in waiver).

Defendant Officers possessed.  Therefore, Defendant Officers are entitled to qualified immunity as a matter of law on Plaintiff's unlawful search and false arrest claims.

2.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

3.    To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

### FED. R. CIV. P. 12(b)(6) DEFENSES

1.    Plaintiff's false arrest claim (Count I) is time-barred.  The statute of limitations for Section 1983 claims is the state law statute of limitations for personal injury claims. Williams v. Lampe, 399 F.3d 867, 870 (7th Cir. 2005) (per curiam).  In Illinois the applicable statute of limitations for Section 1983 claims is two years.  Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993) citing Farrell v. McDonough, 966 F.2d 279 (7th Cir. 1992), cert. denied 506 U.S. 1084 (1993).   The statute of limitations for a Fourth Amendment false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process."  See Wallace v. Kato, et al., _____ U.S. _____, 127 S.Ct. 1091, 1100 (2007).   Plaintiff alleges that he was unlawfully arrested on November 15, 2003.  See Complaint, Para. 11.  Legal process began on

14

November 16, 2003.  See Exhibit A, attached to Defendants' motion to dismiss.  Plaintiff filed

his complaint on December 5, 2007, well-beyond the two year statute of limitations for a false

arrest claim which accrued on the date Plaintiff was detained pursuant to legal process.

Therefore, Plaintiff's false arrest claim should be dismissed as time-barred.

       2.      Plaintiff's unlawful search claim (Count II) is time-barred.  The cause of action

for unlawful search pursuant to the Fourth Amendment "necessarily accrues at the time of the

unlawful search."  Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998).  In Illinois the

applicable statute of limitations for Section 1983 claims is two years.  Kelly v. City of Chicago,

4 F.3d 509, 511 (7th Cir. 1993) citing Farrell v. McDonough, 966 F.2d 279 (7th Cir. 1992), cert.

denied 506 U.S. 1084 (1993).   Plaintiff alleged that the searches of the apartment occurred, and

ended, on an unknown date some time in September 2003 and on October 2, 2003, respectively.

See Complaint, Para. 8 & 9.  Therefore, Plaintiff's unlawful search claims accrued on some date

in September 2003 and on October 2, 2003, when the searches were allegedly conducted.

Plaintiff's complaint alleging unlawful search was filed on December 5, 2007, more than two

years after the dates of the alleged unlawful searches.  Therefore, Plaintiff's unlawful search

claims should be dismissed with prejudice because it is time-barred.

       3.      Plaintiff's false arrest claim (Count I) and unlawful search claim (Count II) are

barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  On December 6, 2006, Plaintiff pled guilty

to a violation of supervised release by admitting constructive possession of a firearm in that a

gun was found in his home by Defendants on October 2, 2003.  According to *Heck*, a plaintiff

has no cognizable §1983 cause of action if judgment in his favor on the claim would necessarily

impugn the invalidity of his conviction until the conviction or sentence is reversed or otherwise

stricken.  Therefore, Plaintiff's §1983 false arrest claim and unlawful search claim are barred by

the operation of *Heck*.

4.      To the extent that Plaintiff's false arrest claim is grounded in the fruit of the poisonous tree doctrine Plaintiff fails to state a claim upon which relief can be granted.  The fruit of the poisonous tree doctrine does not apply to a Section 1983 action.  See Townes, 176 F.3d at 138; Bradshaw v. Mazurski, 2004 WL 170337 at *6 (N.D. Ill. 2004); Rivera v. Burke, 2008 WL 345612 at *5 (N.D. Ill. 2008).

### Jury Demand

Defendants Robert Garza, Anthony Amato, Vernon Mitchell Jr., Thomas Harris, Thomas McDermott, Donna Strand, Daniel Ludwig, Enrique Pacheco Jr., Patrick Johnson, Bryant Garcia, and Antonio Torres, and the City of Chicago hereby demand a jury trial.

Respectfully submitted,

 /s/Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-4045
(312) 744-6566 (Fax)
Atty. No.  06287125

## <u>CERTIFICATE OF SERVICE</u>

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above

and foregoing **DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO**

**PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the person named below, a "Filing

User" pursuant to Case Management/Electronic Case Files, on August 4, 2008, in accordance

with the rules on electronic filing of documents.

> Irene Dymkar
> Law Office of Irene Dymkar
> 300 W. Adams
> Suite 330
> Chicago, IL   60606

>                              /s/ Anne K. Preston
>                              Anne K. Preston
>                              Assistant Corporation Counsel