```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

WILLIE JOHNSON,                   )
                                  )
                 Plaintiff,       )
                                  )
    v.                            )    No.  07 C 6862
                                  )
ROBERT GARZA, et al.,             )
                                  )
                 Defendants.      )
```

<u>MEMORANDUM ORDER</u>

During the August 13 status hearing in this matter, this Court stated orally its reasons for denying defendants' recently-filed motion for reconsideration of the earlier denial of defendants' motion to dismiss Count I of the Complaint brought against them by Willie Johnson ("Johnson"). In doing so, this Court did not then address defendants' contemporaneously-filed Answer to the other counts in the Complaint. But a current review of that responsive pleading has prompted the issuance of this memorandum order to address its components other than the straight-out Answer: defendants' affirmative defenses ("ADs") and Fed. R. Civ. P. ("Rule") 12(b)(6) defenses.

AD 1 asserts a qualified immunity defense, as to which AD 1 n.1 states that the filing is intended "to preserve the record." But defendants' contention that the qualified immunity defense must be advanced to avoid a possible waiver argument ignores the basic principle that underlies Rule 8(c) and the caselaw applying it (as to which see App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v.</u>

Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)): the proposition that for AD purposes the well-pleaded allegations of a complaint must be accepted as gospel. On that basis the assertions in AD 1 are wholly at odds with what Johnson has alleged in the Complaint--and under the principle articulated in Green v. Butler, 420 F.3d 689, 701-02 (7th Cir. 2005) the resolution of such factual differences requires a trial, at which point any notion of qualified immunity becomes moot (cf. Saucier v. Katz, 533 U.S. 194, 200-01 (2001)).

To turn to defendants' Rule 12(b)(6) defenses, several comments are in order. Here they are:

1. Both defenses raising the bar of limitations--one as to Johnson's federal equivalent of a state law false arrest claim, the other as to his allegation of an unconstitutional search--have already been decided against defendants in this Court's July 11, 2008 memorandum opinion and order. That being the case, it is puzzling to see the same defenses reasserted as part of the Answer. It would not seem that defendants' position on those two issues should be considered as having been waived (or forfeited) by the filing of an Answer, so it seems that reassertion of the two defenses is needless.

2. Defendants' assertion that both contentions referred to in the preceding paragraph are barred by Heck v.

Humphrey, 512 U.S. 477 (1994) is another matter. Just why that contention was not advanced in defendants' 14-page memorandum in its original Rule 12(b)(6) motion, filed back on March 10, is equally puzzling--indeed, defendants' May 28, 2008 reply memorandum in further support of that earlier motion rejected Johnson's attempted reliance on Heck v. Humphrey, while it gave no hint of that case's potential applicability in the context now urged. Nonetheless this Court orders Johnson's counsel to file a responsive memorandum on the Heck v. Humphrey issue, as now raised by defense counsel, on or before September 4, 2008

    3. Finally, defendants' last Rule 12(b)(6) submission raises the same "fruit of the poisonous tree" argument that this Court dispatched in its August 13 oral ruling. Johnson's counsel need not address that issue, just as she need not speak to the Rule 12(b)(6) assertions dealt with in paragraph 1.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  August 15, 2008