UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT GARZA, ANTHONY AMATO, )<br>VERNON MITCHELL, JR., THOMAS )<br>HARRIS, THOMAS McDERMOTT, )<br>DONNA STRAND, DANIEL LUDWIG, )<br>ENRIQUE PACHECO, JR., PATRICK )<br>JOHNSON, BRYANT GARCIA, A. TORRES )<br>(Star # 5331), and CITY OF CHICAGO, )<br>)<br>Defendants. ) | Case No. 07 C 6862<br><br>Judge Milton I. Shadur<br><br>Magistrate Judge Jeffrey Cole |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' *HECK V. HUMPHREY* DEFENSE**

Plaintiff, WILLIE JOHNSON, by and through his attorney, Irene K. Dymkar, pursuant to the Court's order of August 15, 2008, responds as follows to defendants' *Heck v. Humphrey* defense set forth in their answer to plaintiff's complaint:

1) This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.

2) On August 13, 2008, the Court denied defendants' motion for reconsideration of the Court's denial of defendants' motion to dismiss Count I of plaintiff's complaint. On August 4, 2008, defendants had filed an answer in which they asserted the following Rule 12(b)(6) defense:

    3.   Plantiff's false arrest claim (Count I) and unlawful search claim (Count II) are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). On December 6, 2006, Plaintiff pled guilty to a violation of supervised release by admitting constructive possession of a firearm in that a gun was found in his home by Defendants on October 2, 2003. According to *Heck,* a plaintiff has no cognizable § 1983 cause of action if judgment in his favor on the claim would necessarily impugn the invalidity [sic] of his conviction until the conviction or sentence is reversed or otherwise stricken. Therefore, Plaintiff's § 1983 false arrest claim and unlawful search claim are barred by the operation of *Heck.*

    3)   On August 15, 2008, the Court issued a memorandum order, ordering "Johnson's counsel to file a responsive memorandum on the *Heck v. Humphrey* issue, as now raised by defense counsel."

**A favorable judgment on plaintiff's § 1983 claims of false arrest and illegal search would not "necessarily imply the invalidity of a conviction or sentence."**

    4)   The one-count federal indictment against WILLIE JOHNSON in the federal criminal case which underlies this civil rights suit (04 CR 0503) charged him with the following:

> On or about October 2, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, WILLIE JOHNSON, defendant herein, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, namely, an R.G. Industries Model RG31, .38 caliber revolver, bearing serial number Q237435, which firearm was in and affecting interstate commerce, in that the firearm had traveled in interstate commerce prior to the defendant's possession of the firearm.

    5)   On December 6, 2006, on motion of the United States Attorney, this indictment was dismissed against WILLIE JOHNSON, with prejudice. Therefore, there was no *conviction* in 04 CR 0503 that plaintiff would impugn if he succeeded in this civil rights case.

    6)   *After* the dismissal of the indictment in 04 CR 0503, and not explicitly linked to the dismissal, the Court dealt with the violation of supervised release in the old federal indictment against WILLIE JOHNSON, case number 90 CR 950. Mr. Johnson admitted violation number

one, to the extent there was a gun found in his home and he thus had constructive possession of a firearm in violation of his terms of supervised release.

7) The present civil rights case does not impugn the 1991 conviction on the 1990 indictment. Nothing in what plaintiff alleges in his civil rights complaint regarding incidents occurring in 2003 and thereafter, unrelated to the incidents underlying the 1990 indictment, pertain to or affect the conviction on the 1990 indictment.

8) Defendants seem to be asserting in their Rule 12(b)(6) defense that the admission to a violation of supervised release arising from the 1991 conviction is itself a conviction. It is not. It is part and parcel of the conviction on the 1990 indictment, which is unassailed and unassailable.

9) Supervised release revocation hearings are not separate criminal prosecutions. *United States v. Neal*, 512 F.3d 427, 434 (7th Cir. January 10, 2008). Sanctions imposed as a result of a revocation of supervised release are part of the penalty for the initial offense; they do not constitute an additional conviction. *Johnson v. United States*, 529 U.S. 694, 700 (2000). Acts which violate supervised release may or may not be criminal in their own right. If they are criminal in their own right, then they may be the basis for separate prosecution. *Id.* Regardless, sanctions imposed because of a revocation of supervised release, whether they are admissions to crimes or not, are part and parcel of the initial conviction and sentence.

10) *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. This rule is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil

suit. *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. Apr 10, 2008); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. January 9, 2008).  The *Heck* Court was concerned about any conflict between the provisions of the federal habeas corpus statute and those of 42 U.S.C. § 1983, both of which "provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials."  *Heck,* 512 U.S. at 480.

    11)  In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended the *Heck* holding from criminal convictions to the findings in prison disciplinary proceedings, holding that a prisoner was barred from bringing a § 1983 suit that would necessarily imply the invalidity of a loss of good time credits.  Defendants in the case at hand, however, wish to extend *Heck* even further, to the admissions and re-sentencing occurring at supervised release revocation hearings.  That would be improper for several reasons.

    12)  First, as argued above, a revocation hearing conducted by the Court is intrinsically connected to the earlier conviction and sentencing from which the supervised release emanated.  In WILLIE JOHNSON's case, that conviction and sentencing occurred in 1991.  The revocation hearing of December 6, 2006, was a continuation of that same case in the same Court and did not result in a separate or additional judgment.

    13)  Second, cases to which Courts have applied *Heck* are § 1983 cases that are *direct challenges* to convictions or sentences, i.e., loss of good time credits resulting from disciplinary findings.  See *Johnson v. Litscher*, 260 F.3d 826, 830 (7th Cir.2001).  WILLIE JOHNSON, to the contrary, is not directly challenging his 1991 conviction or trying to receive damages from any unconstitutional conduct that may have occurred in 1990.  He is also not directly challenging the result of the supervised release revocation hearing or trying to receive damages from the actions

4

of the United States Attorney or Judge James F. Holderman, a statement which is so obvious, it seems ridiculous to make.

14) On December 6, 2006, Judge Holderman imposed no additional prison time on WILLIE JOHNSON and no supervised release. WILLIE JOHNSON walked out of the courtroom with no additional sanctions and no strings attached to his release. WILLIE JOHNSON is thus not using § 1983 to "seek immediate or speedier release" and thus attempting to bypass habeas corpus as the exclusive remedy to challenge an illegal sentence, a major concern of the *Heck* Court. See *Preiser v. Rodriguez,* 411 U.S. 475, 488-90 (1973).

15) The court must consider whether a judgment in favor of the plaintiff in his § 1983 case "would necessarily imply the invalidity of his conviction or sentence." See *Heck,* 512 U.S. at 487, *Gilder v. Baker*, 435 F.3d 689 (7th Cir.2006). If WILLIE JOHNSON were to prevail in his claims of a false arrest and an illegal search occurring at the hands members of the Chicago Police Department in 2003, would that necessarily imply the invalidity of his conviction of 1991? The answer is no. The conviction of 1991 has nothing to do with the incidents of 2003.

16) Assuming, *arguendo*, that the supervised release revocation hearing of December 6, 2006, is a not part and parcel of the 1991 conviction and sentencing, as argued above, then the same question needs to be asked again. If WILLIE JOHNSON were to prevail in his claims of a false arrest and an illegal search occurring at the hands members of the Chicago Police Department in 2003, would that necessarily imply the invalidity of Judge Holderman's ruling on December 6, 2006, that WILLIE JOHNSON violated his terms of supervised release by constructive possession of a firearm and or his ruling that WILLIE JOHNSON could be released immediately? The answer again is no.

17) WILLIE JOHNSON should be prepared to be cross-examined at a trial of his civil rights action about his admission of constructive possession of a firearm. However, that admission does not absolve the defendant police officers of their unconstitutional behavior, nor does it extinguish plaintiff's claim for damages. *Heck v. Humphrey* does not bar WILLIE JOHNSON from pursuing his civil rights action because his admission of constructive possession does not necessarily imply the invalidity of any conviction or sentence.

WHEREFORE, plaintiff, WILLIE JOHNSON respectfully asks the Court to rule that *Heck v. Humphrey* does not bar plaintiff from prosecuting his § 1983 claims of false arrest and illegal search.

Dated: September 4, 2008                                s/    Irene K. Dymkar
                                                              Irene K. Dymkar

Plaintiff's Attorney:
Irene K. Dymkar
300 West Adams, Suite 330
Chicago, IL 60606-5107
(312) 345-0123


**CERTIFICATE OF SERVICE**

I, Irene K. Dymkar, an attorney, certify that on the 4th day of September, 2008, a copy PLAINTIFF'S RESPONSE TO DEFENDANTS' *HECK V. HUMPHREY* DEFENSE was served upon the attorney for defendants named below through the Court's electronic filing system.

Patricia J. Kendall
City of Chicago, Department of Law
30 N. LaSalle, Suite 1400
Chicago, IL 60602

Dated: September 4, 2008                                /s    Irene K. Dymkar
                                                              Irene K. Dymkar